Elmer **THOMMEN**, Robert Sacrison and
Brice Coleman, Plaintiffs,

v.

**CONSOLIDATED FREIGHTWAYS**, a
corporation, Defendant.

Civ. No. 63–454.

United States District Court
D. Oregon.

Sept. 17, 1964.

Maurice D. Sussman, Kneland C. Tanner, Portland, Or., for plaintiffs.

W. F. Lubersky, Lewis K. Scott, Koerner, Young, McColloch & Dezendorf, Portland, Or., for defendant.

SOLOMON, Chief Judge.

Plaintiffs brought this action under Section 301 of the Labor Management Relations Act. 29 U.S.C.A. § 185(a). They are truck drivers and members in good standing of Local No. 81, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (Teamsters). Until November 13, 1963, they were employed by defendant Consolidated Freightways (Company) at the Willamette Hauling Division, a branch of defendant's main terminal in Portland, Oregon. On that date the Willamette Division was closed and plaintiffs were transferred to the main terminal. Thereafter, the Company closed other terminals throughout the Northwest and transferred drivers to the main terminal in Portland. This case arises out of a disagreement over the seniority status of each plaintiff which was affected by these transfers.

Plaintiffs contend that their seniority rights on transfer are established by the collective bargaining agreement (Agreement) negotiated between representatives of the Company and the Teamsters. Generally, the Agreement provides that on transfer to another terminal an employee goes to the bottom of the seniority list and his seniority at the new terminal begins on the date of the transfer. Plaintiffs complain that drivers transferred to the main terminal after them were subsequently placed above them on the seniority list.

Defendant has moved for summary judgment or, in the alternative, for a stay pending exhaustion of contractual remedies. Specifically, it contends that plaintiffs are barred from maintaining this action by a former adjudication in the Circuit Court of Multnomah County, Oregon. The State Court dismissed the suit for lack of jurisdiction on the ground that the subject matter was preempted

by the Labor Management Relations Act. 29 U.S.C.A. § 141 et seq. Alternatively, defendant contends that the Agreement provides grievance machinery and binding arbitration as a means of settling this dispute. It contends that these contractual arrangements form a basis for the granting of summary judgment in its favor or that these contractual procedures, available to plaintiffs, warrant granting a stay of this action until they are exhausted.

In the State Court proceeding, plaintiffs sought a declaration (1) that the Agreement controlled their seniority rights, (2) that the Agreement entitled them to certain seniority privileges, and (3) that any preferences in seniority granted to others were contrary to the Agreement. Plaintiffs in that suit joined as defendants the Company, Local No. 81 and three individual truck drivers as representatives of the class which allegedly received seniority preferences. The defendants in the State Court suit demurred, principally on the ground that the Court lacked jurisdiction of the subject matter which was exclusively within the jurisdiction of the National Labor Relations Board. The Court granted the demurrer and allowed plaintiffs 10 days to amend. When plaintiffs failed to amend, judgment was entered dismissing the suit.

In the present action, identical plaintiffs allege substantially identical operative facts but proceed only against the Company. Instead of a declaration of rights under the Agreement, they seek (1) an injunction against the Company's granting of seniority preferences, (2) an accounting to determine the amount of lost earnings suffered by reason of the Company's breach of contract, and (3) judgment in their favor for the amount of lost wages.

Defendant contends that plaintiffs cannot relitigate the jurisdictional issue in a federal court by merely excising party defendants or changing the form of relief requested. It contends that these differences between the present action and the State Court suit are illusory and that the State Court determination that the subject matter of the action fell within the exclusive jurisdiction of the NLRB is res judicata and bars plaintiffs in the present action.

Plaintiffs contend that the State Court merely closed its doors. They rely on Kipbea Baking Co. v. Strauss (E.D. N.Y. 1963) 218 F.Supp. 696, to support their contentions that the differences in parties and remedy sought here are material and that the State Court dismissal for lack of jurisdiction is not conclusive on this Court. In Kipbea, the employer had first sought an injunction and incidental damages in State Court against two unions and a competitor for interfering with its business and dealing with its customers. The case was dismissed on the ground that the Board had exclusive jurisdiction of the subject matter (secondary boycott and other unfair labor practices). The Court in Kipbea pointed out that the defendant competitor in the State Court suit was not joined and that the remedy sought in the federal action ("damages flowing from breach of contract") differed from that sought in the State Court. The Court also concluded that the State Court finding of no jurisdiction did not preclude a redetermination of the jurisdictional issue in federal court because the right and remedy were federally created and not to be defeated by State Courts under the "talismanic label of 'no jurisdiction'". It thus distinguished the effect of a State Court determination of jurisdiction concerning state-created rights which might later arise in federal courts under diversity jurisdiction from a similar determination concerning rights grounded in federal law.

█ On the authority of Kipbea, I find that this Court has jurisdiction in spite of the action of the State Court.

As alternative grounds for either granting summary judgment for failure to exhaust contractual remedies or granting a stay pending exhaustion of contractual remedies, defendant relies on several state and federal court decisions, including Peoples v. Southern Pacific Co. (D.Or.1955) 139 F.Supp. 783, aff'd 232

F.2d 707. Neither that case nor any of the others cited by defendant in support of its motion for summary judgment were cases brought under Section 301. Most of them, including Peoples, were predicated on state law and some were brought under the provisions of the Railway Labor Act. In all cases the collective bargaining agreements provided specific means of redress of grievances for employees.

Here the agreement between the Teamsters and the Company provided no certain means for redress of grievances by employees. The grievance machinery established by the Agreement appears to become effective only when there is a dispute between the Union and the Company. Plaintiffs have for the purposes of this motion sufficiently illustrated that the union does not desire to effectively pursue their grievance before the Joint Committees or that there is a question of whether the contract provides plaintiffs with adequate machinery for the redress of their grievances.

Defendant's motion for summary judgment or a stay is denied.