Herbert W. BROWN et al.

v.

TRUCK DRIVERS AND HELPERS LO-CAL UNION NO. 355 OF BALTIMORE, MARYLAND, Affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America

and

W. Kelly Gregory, Inc.

Civ. A. No. 17858.

United States District Court
D. Maryland.

March 8, 1967.

* See the portion of the transcript of the interview quoted supra.

James J. Doherty, Friedman & Goodman, Baltimore, Md., for plaintiffs.

Jacob J. Edelman, Bernard W. Rubenstein, Baltimore, Md., for the Union.

Edward J. Gutman, Baltimore, Md., for W. Kelly Gregory, Inc.

NORTHROP, District Judge.

On November 30, 1966, sixty-seven members of Truck Drivers and Helpers Local Union No. 355 of Baltimore, Maryland, brought suit against their union and their employer, W. Kelly Gregory, Inc., for breaching a collective bargaining agreement, which went into effect on August 2, 1964, by failing to comply with certain seniority provisions of the contract. This action is brought under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. The defendants move to have the complaint dismissed for failure to state a cause of action upon which relief can be granted. The court grants their motions.

From the allegations in the complaint, it appears that the plaintiffs were employed by Southern Motor Transfer Corporation of Baltimore, Maryland, before August 3, 1964. It further appears that Southern Motor Transport Corporation, the defendant W. Kelly Gregory, Inc., and the defendant union entered into collective bargaining agreements which ran from August 1, 1958, to August 1, 1961, and from August 1, 1961, to August 2, 1964. These collective bargaining agreements had in them the same provisions with regard to seniority as the contract now sued on. However, in the subject contract, there appears a provision for the settling of grievances between the union and the employer. Such a provision is absent from the first two collective bargaining agreements. W. Kelly Gregory, Inc., bought out Southern Motor Transfer Corporation, and on August 3, 1964, these plaintiffs were transferred to the payrolls of W. Kelly Gregory, Inc.

The Supreme Court has laid down the rules with regard to what a plaintiff must allege in his complaint under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. In Republic Steel Corporation v. Maddox, 379 U.S. 650, at 652–53, 85 S.Ct. 614, at 616, 13 L.Ed.2d 580, at 583, the Court said:

> "As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by employer and union as the mode of redress. If the union refuses to press or only perfunctorily presses the individual's claim, differences may arise as to the forms of redress then available. See Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 * * *. But unless the contract provides otherwise, there can be no doubt that the employee must afford the union the opportunity to act on his behalf. Congress has expressly approved contract grievance procedures as a preferred method for settling disputes and stabilizing the 'common law' of the plant."

Thus, in order to sue for a breach of contract, the complaint must set forth an allegation and show sufficient facts to support the allegation that the plaintiffs *attempted* to use the contract grievance procedure.

The plaintiffs attempt to distinguish *Maddox*, supra, away on the grounds that the grievance procedure provided therein set out the employees' remedies in more detail and provided more adequate means whereby the employees might assert their grievances. Further, the plaintiffs contend that under the grievance procedure in *Maddox*, the individ-

ual employee could take the grievance to arbitration whereas in our case only the union and company can take the grievance to arbitration. They rely on Thommen v. Consolidated Freightways, 234 F. Supp. 472 (D.Ore.1964). *Thommen* is distinguishable in two ways. First, it came down before *Maddox* and this court is obliged to follow *Maddox*. The rule laid down by the Court in *Maddox* made no distinction on the basis of whether the employee could take his grievance to arbitration or on the basis of the adequacy of the grievance procedure. The Court said only that if a grievance procedure is available, the plaintiffs must *attempt* to use it before they could come into court. Thus the afterthoughts of the judge in *Thommen,* in which he made the distinctions on which the plaintiffs rely, are no longer good law. Secondly, the court in *Thommen* said that the plaintiffs had "sufficiently illustrated that the union [did] not desire to effectively pursue their [the plaintiffs therein] grievance before the Joint Committee." In this case, the plaintiffs have made no such showing. Had they made such a showing, they might have come within the exception which the Supreme Court spoke of in *Maddox*. The Court said that if after the plaintiffs had made an attempt to use the grievance procedures provided in the collective bargaining agreement and the union refused to press or only perfunctorily pressed their claims, they might have a cause of action on which this court could rule. The plaintiffs herein have made no such showing.

By way of dicta, the Supreme Court has just recently thrown light on the rule it announced in *Maddox*. Where only a union can take the grievance to arbitration, the employee need not have exhausted his contractual remedies to maintain a Section 301 action against his employer if the employee can prove that the union as his bargaining agent breached its duty of fair representation in its handling of the employee's grievances. Vaca et al. v. Sipes, etc., 386 U.S. ——, 87 S.Ct. 903, 17 L.Ed.2d 842, (1967). However, the Court still demands that the employee *attempt* to use the grievance procedure.

■ The plaintiffs allege in their complaint that they have made "numerous attempts to enforce their legal rights under the aforesaid collective bargaining *agreements*." This allegation is insufficient in law to meet the requirements that the plaintiffs must allege an attempted use of the contract grievance procedure. Indeed, the defendant employer submitted an affidavit, which says that the plaintiffs never attempted to use the grievance procedure in the contract. Having failed to allege an attempt to use the grievance procedures, the plaintiffs have not stated a cause of action upon which this court can grant relief. For how can they claim a breach of the contract provisions as a cause of action without alleging that they have complied with its provisions in all other respects?

■ The complaint is insufficient in other ways. It is difficult for the court to see from the complaint exactly how the union breached the contract. Indeed, it is difficult to see how the union could breach the contract with respect to the seniority provisions because the employer controls this. If the plaintiffs are alleging against the union a breach of the duty of fair representation, they must say so and allege sufficient facts to support the allegation. They have not done this here. The court further points out that to make out an allegation against the union for having breached its duty of fair representation, the plaintiffs must allege more than that the union takes a different position from them. As pointed out in *Humphrey,* supra, the plaintiffs must allege that the union had not made an honest effort to serve the interests of all of its members without partiality or hostility toward any segment of its membership.

■ Further, the plaintiffs have alleged only conclusions of law in the complaint as regards to the employer. The plaintiffs must allege sufficient facts to

show exactly how the seniority provision of the collective bargaining agreement was violated by the employer. This they have failed to do.

For the above reasons, the court this eighth day of March, 1967, dismisses the complaint against each defendant for failure to state a cause of action upon which relief can be granted. The plaintiffs have thirty days from the signing of this order dismissing the cause of action to amend their complaint.