Wilburt H. **MILLER**, Plaintiff,

v.

**ICX**, a/k/a **Illinois California Express, Inc.**, Defendant.

No. 72 C 1276.

United States District Court,
N. D. Illinois, E. D.

Nov. 3, 1972.

Elmore & Rosch Assoc., Midlothian, Ill., for plaintiff.

Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

This is an action for damages and reinstatement which alleges that defendant wrongfully discharged plaintiff from his employment. This action was originally brought in the Circuit Court of Cook County, but was removed to this Court. Jurisdiction was predicated upon Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Several facts are not in dispute. Defendant is engaged in interstate trucking and operates a terminal in Chicago. Plaintiff was employed by defendant as a local cartage driver from June 17, 1957 until January 5, 1971. Defendant's local cartage drivers at the Chicago location are represented for collective bargaining purposes by Local Union No. 705, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. The Union is not a party to this action. Defendant and the Union are parties to an agreement covering the local cartage drivers. The agreement permits discharge only upon just cause. Plaintiff's duties required him to transport goods within the Chicago commercial zone. These duties occasionally required plaintiff to transport hazardous materials. Plaintiff has a history of diabetes mellitus which requires insulin for control. On January 1, 1971, certain Department of Transportation regulations became effective. Regulation 391.41(b)(3) established physical qualifications for drivers. It stated:

(b) A person is physically qualified to drive a motor vehicle if he—

(3) has no established medical history or clinical diagnosis of diabetes mellitus currently requiring insulin for control. 49 C.F.R. § 391.41(b)(3)

Regulation 391.2 provided certain exemptions. It stated:

(a) Intra-city operations. The rules in this part do not apply to a driver *wholly* engaged in exempt intra-city operations as defined in § 390.16 of this Chapter. 49 C.F.R. § 391.2(a) (Emphasis added.)

Regulation 390.16 provided:

§ 390.16 Exempt intra-city operation. The term "exempt intra-city operations" means a vehicle or driver used *wholly* within a municipality, or the commercial zone thereof, as defined by the Interstate Commerce Commission, and transporting—

(b) Property consisting of hazardous materials of a type and quantity that require the vehicle to be marked or placarded under § 177.823 of this title and that weigh less than 2,500

pounds in the case of one dangerous article, or 5,000 pounds in the case of more than one dangerous article.
49 C.F.R. § 390.16.

On January 5, 1971, defendant disqualified plaintiff as a driver. This action was taken pursuant to the above regulations. Defendant then offered plaintiff several other jobs. Plaintiff declined, as acceptance would result in relinquishment of Union benefits and seniority. It is disputed whether plaintiff then attempted to file a grievance with his Union. It is undisputed that no such grievance was ever processed.

■ Defendant has now filed a motion to dismiss or, in the alternative, for summary judgment. The basis of the motion to dismiss is failure to state a claim upon which relief can be granted. Defendant asserts that the complaint is defective because it fails to allege an essential element—either that plaintiff submitted his grievance and exhausted the contractual grievance and arbitration procedure, or that the Union breached its duty of fair representation. In support of this proposition, the defendant cites this Court to the cases of Lomax v. Armstrong Cork Company, 433 F.2d 1277, 1280–1281 (5th Cir., 1970) and Braun v. Truck Drivers and Helpers Local No. 395, Baltimore, Maryland, 264 F.Supp. 776, 777 (D.Md., 1967). These cases are based upon Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). At page 186, 87 S.Ct. at page 914, the *Vaca* Court stated:

> For these reasons, we think the wrongfully-discharged employee may bring an action against his employer in the face of a *defense* based upon the failure to exhaust contractual remedies, provided the employee can *prove* that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance. *Vaca* at 186, 87 S.Ct. at page 914. (Emphasis added.)

We agree with plaintiff's contention that that case stands for the proposition that an employee must prove a breach of the duty of fair representation once it is raised as an affirmative defense. Under the Federal practice of notice pleading, it is unjustified to extend this to a formal pleading requirement.

■ Therefore, it is the holding of this Court that the complaint is adequate and states a claim upon which relief can be granted.

■■ Defendant has also moved for summary judgment. Rule 56 of the Federal Rules of Civil Procedure requires such judgment if the pleadings and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Plaintiff has submitted an affidavit in opposition to the motion for summary judgment. Paragraph Four of that affidavit states:

> 4. I did not transport hazardous materials in the ordinary course of my duties. On rare occasions (once every six (6) months, I transported such items as paints and paint thinners.

Regulation 390.16 requires that in order to qualify for the exemption, the driver must wholly fulfill certain requirements. One requirement is that the driver may not transport certain hazardous materials. Thus, while plaintiff may not have transported such materials very often, it is sufficient to bring him outside of the exemption. Plaintiff admits to having the disease diabetes mellitus and requiring insulin. As such, he is not qualified to perform the duties for which he was hired and could properly be discharged. Therefore, this Court finds plaintiff's discharge on January 5, 1971 to be for good cause and within the collective bargaining agreement. Any factual disputes as to Union efforts on his behalf are immaterial as the Union is not a defendant, and are further minimized by our above holding. Defendant is, therefore, entitled to judgment as a matter of law.

It is the order of this Court that defendant's motion to dismiss is denied and defendant's motion for summary judgment is granted.