## HOWLAND v. LOCAL UNION 306, UAW-CIO.

1. TRADE UNIONS—INJUNCTION—INTERFERENCE WITH EMPLOYMENT —INTRA-UNION REMEDIES.

Bill of complaint in suit to enjoin defendant labor union and its officers from interfering with plaintiff's employment by employer who is claimed by defendants to have discharged plaintiff because of his failure to maintain his membership in the union in good standing, pursuant to union's collective bargaining agreement with the employer, stated a cause of action where bill also alleged that plaintiff, although he was originally coerced into joining the union, unconditionally tendered payment of all dues and penalties, that defendants kept the money but did not restore him to full membership and notify employer of his right to return to work and have given him no notice of trial nor taken other steps to expel him from the union.

2. EQUITY—MOTION TO DISMISS—PLEADING.

In determining case on appeal from order dismissing bill of complaint on motion to dismiss before hearing on merits, all well-

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am. Jur., Labor, § 20.
[1] Liability in damages for inducing the discharge of employee. 29 A.L.R. 532; 84 A.L.R. 43.
[3] 4 Am. Jur., Associations and Clubs, § 31; 31 Am. Jur., Labor, §§ 67, 70.
[3] Exhaustion of remedies within labor union as condition of resort to civil courts by expelled or suspended member. 168 A.L.R. 1462.

pleaded material allegations are taken as true but the Supreme Court is not required to determine the merits of the controversy.

3. TRADE UNIONS—EQUITY JURISDICTION—INTRA-UNION REMEDIES. While equity should not intervene to adjust differences between a voluntary labor association and a member thereof until and unless the member has exhausted the remedies provided in the constitution and bylaws to which he voluntarily subscribed, where it is shown that resort to such remedies would be ineffective if not futile, the jurisdiction of a court of equity would be properly invoked.

Appeal from Wayne; Culehan (Miles N.), J. Submitted October 7, 1948. (Docket No. 54, Calendar No. 44,172.) Decided December 17, 1948.

Bill by Clarence W. A. Howland against Local Union 306, UAW-CIO and others to restrain interference with plaintiff's employment at The Budd Company. Bill dismissed. Plaintiff appeals. Reversed and remanded for further proceedings.

*Dee Edwards*, for plaintiff.

*Rothe & Zwerdling*, for defendants.

BUSHNELL, C. J. Plaintiff, Clarence W. A. Howland, at one time employed by The Budd Company of Detroit as a tool crib attendant, earning $1.44 per hour, filed a bill of complaint seeking relief against defendants Local Union 306, UAW-CIO, Richard L. Schmidt, Lloyd Coffman, and John Lavey, individually and as officers of the defendant local union. He charged that defendants caused him to be discharged from his employment on December 22, 1947, and made it impossible for him to obtain employment of a similar nature. He alleged that, by reason of defendants' wrongful acts, he suffered the loss of his earnings and that his future earnings will be jeopardized; that his right to work is guaran-

teed under the Constitutions of the United States and State of Michigan, and that he is without adequate remedy at law. He prayed that defendants be restrained and enjoined from interfering with his employment by The Budd Company, and that he be awarded damages which result from defendants' unlawful acts.

Defendants entered their appearance and moved to dismiss Howland's bill of complaint as being insufficient in substance and because the court had no jurisdiction over the subject-matter. In an affidavit in support of this motion defendants' counsel included a portion of the collective bargaining agreement between defendant Local Union 306 and The Budd Company, which reads as follows:

"Section 2. All employees who on June 1, 1946, are members of the union in good standing, in accordance with its constitution and bylaws, all employees who become members after this date, shall, as a condition of employment maintain their membership in the union in good standing for the duration of the collective agreement in which this provision is incorporated."

A portion of the constitution of the International Union United Automobile, Aircraft and Agricultural Implement Workers of America (UAW-CIO), pertaining to appeals from actions of subordinate bodies of the International Union and trials of members, is set up in an exhibit attached to defendants' motion. These sections (articles 30 and 48) provide in substance that an appeal by a member must be taken in writing within 30 days and charges against him must likewise be in writing, a trial being mandatory, and that, in cases where union membership is a condition of employment, suspension from such membership does not require removal from the job, unless in cases of extreme emergency, and then only by a two-thirds vote of the body voting suspension.

Expulsion from membership requires removal from the job.

It is not asserted that any written charges were ever filed against the plaintiff, but it is asserted in the affidavit that he failed to maintain his membership in the union in good standing, in accordance with its constitution and bylaws and, therefore, under the terms of the collective bargaining agreement, his employment was terminated. The calendar entries show that plaintiff filed an answer to defendants' motion, but this answer is not included in the printed record.

On the issues thus framed, an order was entered dismissing plaintiff's bill of complaint, from which order he has appealed.

Defendants contend that a court of equity should not intervene to adjust differences between a voluntary association and a member thereof until and unless the member has exhausted the remedies provided in the constitution and bylaws to which he voluntarily subscribed. See, in this connection, *Harris* v. *Detroit Typographical Union,* 144 Mich. 422; Oakes, Organized Labor & Industrial Conflicts, § 61; and authorities annotated in 168 A. L. R. p. 1462 *et seq.*

Plaintiff concedes that the foregoing is the general rule, but he contends in substance that the facts in his case constitute an exception to the rule, and that these facts clearly demonstrate that resort to the remedies provided by defendant union would be ineffective, if not futile; and that defendant union itself has failed to observe the provisions of its own bylaws and constitution. He further argues that property rights are involved, and that the union and its officers acted maliciously and in bad faith.

In the instant case the affidavit attached to the motion to dismiss shows that Howland became a member of the defendant union while an employee

of The Budd Company, and paid his initiation fees and one month's dues.

Howland, however, alleges in his bill of complaint that he only became a member of the defendant union by reason of "force, duress, and coercion" imposed upon him, and that after his unlawful discharge he unconditionally tendered payment of all dues and penalties, but that defendant union, although retaining a cashier's check therefor, failed to restore him in full membership rights and notify his employer of "their approval of his return to work; but, on the contrary and wilfully and maliciously, defendants contend that the plaintiff cannot return to work at The Budd Company without their permission and assert they will prevent his doing so. Plaintiff positively avers that defendants have given him no notice of a proposed trial nor taken other steps required for the expulsion of members under the bylaws and constitution of Local Union 306, UAW-CIO."

The trial judge did not file or express any opinion. The order of dismissal merely states:

"This cause having come on to be heard on the defendants' motion to dismiss the bill of complaint on the ground that the bill of complaint is insufficient in substance in that the plaintiff did not exhaust his appeal remedies as provided for in the constitution of the defendant union; was argued by counsel for the respective parties, briefs were submitted and the court being fully advised in the premises.

"Now, therefore, on due consideration thereof, it is ordered, adjudged and decreed, and the court now here doth hereby order and adjudge that the bill of complaint be and the same is hereby dismissed."

In testing this order we must consider the well-pleaded material allegations of the bill of complaint as true, *Lucking* v. *People,* 320 Mich. 495, and we

are not required to determine the merits of the controversy.

On the face of his bill, and within the claimed exceptions to the general rule, plaintiff has stated a cause of action.

The order is vacated and the cause is remanded for further action. Costs of both courts to appellant.

Sharpe, Boyles, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.