MARTIN *v.* FAVELL.

1. APPEAL AND ERROR—LEAVE TO APPEAL—DISCOVERY—LABOR RELATIONS—INTRA-UNION REMEDIES.

Leave to appeal from order granting uncontested order for discovery was granted notwithstanding doubt as to appealability of such order, where Supreme Court sought to determine whether or not court should have issued an order for discovery to plaintiffs, local union members who had not exhausted their intra-union remedies.

2. EQUITY—PLEADING—DISCOVERY.

Well-pleaded allegations of plaintiffs' bill for temporary restraining order, an accounting, and for other relief are considered to be true on appeal from an order granting motion for discovery, filed in suit by members of local unions against an administrator of their unions, who is claimed to have been illegally appointed.

3. LABOR RELATIONS—INTRA-UNION REMEDIES—COURTS.

Exhaustion of intra-union remedies is a necessary prerequisite to recourse to the courts by union members.

4. SAME—CONFIRMATION OF ACTION BY AN OFFICER—DUE PROCESS.

Confirmation of action by international union's president in appointment of administrator of local union by the international union's executive council may not be considered as an appeal from the president's action, since the requirements of due process were not met in that there was no notice or hearing.

5. SAME—INTRA-UNION REMEDIES—CONSTITUTION.

Whether or not intra-union appeals from action taken by international union's officers is illusory cannot affect decision in a suit by members of local unions claiming certain action taken by such officers was illegal, where plaintiffs are not shown to have attempted to exhaust such intra-union remedies as they

REFERENCES FOR POINTS IN HEADNOTES
[2] 3 Am Jur, Appeal and Error §§ 831, 930.
[3, 5, 6] 31 Am Jur, Labor §§ 66, 67.

may have had, as they are bound by the provisions of the organization's constitution which contains provisions that do afford a remedy which plaintiffs must exhaust before resorting to courts for remedy as to offenses claimed to be in violation of their constitution.

6. SAME—DISCOVERY—INTRA-UNION REMEDIES—COURTS.

Local union members were not entitled to order for discovery in their proceeding against administrator of their union who had been appointed by the international president, where the plaintiffs had not attempted to exhaust their intra-union remedies before resorting to the courts for relief.

7. COSTS—INTRA-UNION REMEDIES—COURTS.

No costs are allowed on appeal from order for discovery in suit by local union members against officers thereof, where plaintiffs are not shown to have attempted to exhaust intra-union remedies for claimed illegal action before resorting to courts.

Appeal from Bay; Louis (David R.), J. Submitted October 12, 1955. (Docket No. 78, Calendar No. 46,265.) Decided December 28, 1955.

Bill by Richard Martin and 5 others against Kenneth Favell and 9 others to enjoin the administration and management of 3 local unions of International Brotherhood of Electrical Workers, AFL. On order for discovery, defendants appeal. Order for discovery vacated and cause remanded.

*G. Franklin Killeen* (*B. J. Tally,* of counsel), for plaintiffs.

*Edward N. Barnard,* for defendants.

BUTZEL, J. Plaintiffs, members of 3 local unions of the International Brotherhood of Electrical Workers, AFL, hereinafter referred to as IBEW, brought suit in chancery against Kenneth Favell, acting as administrator, and others as officers respectively of these locals. The bill alleged that Favell had been illegally appointed administrator and had unlawfully seized control and management of the local unions;

that he had mismanaged and misappropriated the funds of these local unions; that he had illegally replaced duly elected officials of these local unions with other defendants; and that he was commingling and dissipating the properties, funds and other assets of the local unions. The bill further alleged a deprivation of plaintiffs' property interests and the absence of any intra-union remedy. The bill prayed for a temporary restraining order, an accounting, the appointment of a receiver and other relief.

Defendants' answer denied many of plaintiffs' allegations and averred that plaintiffs could not maintain the suit because they failed to exhaust intra-union remedies available to them or even make any any effort to avail themselves of such remedies. Plaintiffs amended their bill to state that the suit was brought in a representative capacity and that the union constitution afforded them neither procedural nor substantive remedies or due process. Defendants had also filed a motion to dismiss. Plaintiff then secured an order for discovery of certain books and papers relating to the merits of the action. Defendants upon being granted leave appealed from the discovery order, principally on grounds that plaintiffs failed to exhaust their intra-union remedies.

Defendants' motion to dismiss was never disposed of. They did not contest the entry of the discovery order and there is some doubt that an order of that type is appealable. *Cf., Erwin* v. *Ottawa Circuit Judge,* 138 Mich 271; *Mitchell* v. *Bay Probate Judge,* 155 Mich 550; 37 ALR2d 586. However, in spite of the procedural irregularities we granted leave to appeal in order to determine whether the court should have issued the order for discovery because plaintiffs have not exhausted the remedies available to them within the framework of the constitution of the IBEW. For purposes of the determination of this

question we consider the well-pleaded allegations of plaintiffs' bill to be true.

The general organization of the IBEW consists of the International Convention (IC), the International President (IP) and other officers, including International Vice-Presidents (IVP), the International Executive Council (IEC), and the Local Unions (LU's) with their officers and executive councils. The international and local unions operate under the IBEW'S written constitution by which the local unions and their membership have agreed to be bound.

Article 17, § 1, and article 27, § 1, of the IBEW constitution provide that a LU or a member may have a charter or membership automatically canceled if resort is had to a court of law before all remedies through all the courts of the IBEW are first exhausted. This Court is in accord with the general legal principle that exhaustion of intra-union remedies is a necessary prerequisite to recourse to the courts. *Mayo* v. *Great Lakes Greyhound Lines,* 333 Mich 205; *Hartley* v. *Brotherhood of Railway & Steamship Clerks, Freight Handlers, Express & Station Employees,* 283 Mich 201; *Harris* v. *Detroit Typographical Union,* 144 Mich 422.

The local unions of which plaintiffs are members apparently were placed in charge of defendant Favell under article 4, § 3(9), which empowers the IP:

"To take charge of the affairs of any L.U. when in his judgment such is necessary to protect or advance the interests of its members and the I.B.E.W., but for a period not to exceed 6 months. If the I.P. or his representative cannot or has not adjusted the affairs of the L.U. involved at the end of this period, then he shall refer the entire case to the I.E.C. which shall render a decision at its next regular meeting. The I.P. may suspend any local officer or member who offers interference in such cases."

The IEC is similarly empowered by article 9, § 7, and article 10, §§ 16, 17, seemingly provide for an appeal to the IC from a decision of the IEC. The IP is further empowered under article 4, § 3(2):

"To decide all questions of law, disputes or questions in controversy however arising, all his decisions being subject to appeal, first to the I.E.C. and then the I.C. (Notice in writing of appeal from any decision of the I.P. must be filed with the I.S. and I.P. within 30 days from date of such decision.)"

Defendants contend that plaintiffs should have appealed from the appointment of Favell under these provisions. The IEC has already confirmed the action of the president under article 4, § 3(9), *supra.* This confirmation, if considered as the appeal, would not meet the requirements of due process noted in *Mixed Local of Hotel & Restaurant Employees Union Local No. 458* v. *Hotel & Restaurant Employees International Alliance and Bartenders International League of America* (1942), 212 Minn 587 (4 NW2d 771). There was no notice or hearing. However, an appeal to the IC from decisions of the IEC is generally provided for. In addition, it may well be that the provisions also mean that, apart from the confirmation by the IEC, plaintiffs are entitled to an appeal to that body from the action of the president. Whether an appeal to the IEC in view of their prior confirmation, or whether an appeal to the international convention which meets every 4 years, were both merely illusory remedies, cannot affect our decision in this particular case. Plaintiffs are bound by this constitution and this Court, prior to action by the IBEW, cannot resolve ambiguities in the constitution or set aside its provisions by which plaintiffs are bound. Fairly construed these provisions offered plaintiffs a remedy which they must exhaust.

There are other provisions of the constitution which, though not relied on by defendants, afford plaintiffs a measure of intra-union relief. Article 27, § 2, provides that any member may be removed or suspended for commission of certain offenses, among which are the following:

"(2) Violation of any provision of this constitution and the rules herein, or the bylaws, working agreements, of trade and working rules of a L.U. * * *

"(5) Advocating or attempting to bring about a withdrawal from the I.B.E.W. of any L.U. or of any member or group of members.

"(6) Publishing or circulating among the member-ship, or among L.U.'s, false reports or misrepresentation. * * *

"(8) Creating or attempting to create dissatisfaction or dissension among any of the members or among the L.U.'s of the I.B.E.W. * * *

"(14) Fraudulently receiving any moneys due a L.U. or misappropriating the moneys of any L.U."

. Plaintiffs' bill alleges misappropriation of funds, distribution of misleading and conflicting financial statements, abuse of membership rules, abuse of power given by the IP, abuse of the LU's constitution and bylaws regarding election of officers, and, that the purpose of defendants' actions is to oust plaintiffs from membership in the local unions. Thus the alleged acts complained of are those which may fairly be considered as offenses under the quoted provisions. It is further provided that charges may be brought by anyone and must be written and filed with the district IVP who, in the case of officers, shall hear and determine the case. Appeals from his decision are provided for. As anyone can bring the charge, plaintiffs' argument that "nowhere does that constitution provide any remedies which are available to local unions as such, as distinguished from

members thereof" is of no merit. By successfully charging and prosecuting defendants for these offenses plaintiffs may secure their removal and thereby correct the abuses complained of insofar as they are attributable to defendants. It is true that both in the article dealing with offenses and that with trials (article 27, § 3) there is the provision that:

"(This section shall not be construed to conflict with power of the IP or the IEC to take action in certain cases, as provided in articles 4 and 9.)"

(Articles 4 and 9 contain, *inter alia,* the provisions under which the unions were taken over by defendants under action of the IP.)

Whether or not this clause exempts defendants from prosecution for offenses again is a matter for the tribunals of the IBEW to determine and not this Court, at least in advance of an attempt by plaintiffs to avail themselves of these provisions.

The whole question presented on this record is the right of the plaintiffs to the order of discovery granted by the trial court. Not having exhausted the remedies provided by the constitution of the IBEW, we hold that they are not entitled to invoke the discovery rule.

The case is remanded to the trial court with instructions to vacate said order. In view of the nature of the question involved, no costs are allowed on this appeal.

CARR, C.J., and SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.