KENNEDY *v.* UAW–AFL–CIO LOCAL NO. 659.

1. LABOR RELATIONS—EXHAUSTION OF INTRAUNION REMEDIES—GRIEVANCE PROCEDURE—DAMAGES.

Union was not liable in damages to its member for union's failure to press his alleged grievance against defendant corporation for latter's failure to rehire and reinstate seniority of plaintiff after return to work nearly 2 years after sick leave had been granted and upwards of a year after having been discharged as unavailable for work, where plaintiff's complaint discloses he had not exhausted the intraunion grievance procedure, hence trial court properly held it had no jurisdiction of the claim for damages against the union.

2. SAME—UNION EMPLOYEE—GRIEVANCE PROCEDURE—EMPLOYER'S LIABILITY FOR DAMAGES.

Defendant employer was not liable in damages to employee, represented by defendant union, for employer's refusal to rehire plaintiff and reinstate his seniority, where plaintiff's complaint alleges no facts demonstrating fraud, bad faith, or lack of fair representation by the union, and without such showing, the grievance procedure of the union contract is plaintiff's exclusive remedy.

Appeal from Genesee; Papp (Elza H.), J. Submitted Division 2 May 10, 1966, at Lansing. (Docket No. 1,319.) Decided June 28, 1966.

Complaint by Merrill J. Kennedy against the UAW–AFL–CIO, and its Local No. 659, and Chevrolet National Parts Distribution, General Motors

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur, Labor §§ 66, 68, 124.
[2] 31 Am Jur, Labor §§ 123, 124, 130.

Corporation for damages caused by refusal of defendant corporation to rehire him and reinstate his seniority after his commitment and release from a mental hospital and refusal of the union to prosecute his grievance. Defendants filed motions for accelerated judgment and for summary judgment. Motions granted. Plaintiff appeals. Affirmed.

*A. Glenn Epps,* for plaintiff.

*Aloysius F. Power, Harry S. Benjamin Jr., K. Douglas Mann, Eugene L. Hartwig,* and *George Cherpelis* for defendant General Motors Corporation.

*Jordan Rossen, Stephen Schlossberg, John A. Fillion, Bernard F. Ashe,* and *Michael S. Friedman* (*Jordan Rossen,* of counsel), for union defendants.

QUINN, J. Plaintiff, a member of defendant union, filed this action for damages on the theory that the union failed to prosecute to conclusion the grievance plaintiff filed against Chevrolet National Parts Distribution for the latter's refusal to rehire him and reinstate his seniority rights. The theory of plaintiff's claim against the defendant corporation is that termination of his employment, refusal to rehire and reinstate his seniority violated the contract between the defendant union and the defendant corporation. Defendant union moved for accelerated judgment under GCR 1963, 116 on the basis that the court lacked jurisdiction because plaintiff had neither utilized nor exhausted the remedies available to him under the constitution and by-laws of the defendant union. Defendant corporation answered and pleaded as an affirmative defense plain-

tiff's failure to comply with union grievance procedure. Defendant corporation then moved for summary judgment under GCR 1963, 117 on the basis plaintiff's complaint failed to state a claim upon which relief could be granted. The trial court granted both motions; plaintiff then moved to set aside this action by the trial court. This motion was denied and plaintiff appeals.

In the posture that the case reaches this Court, the issue with respect to the union is: may a union member sue his union for allegedly not properly processing his grievance without his having utilized or attempted to exhaust his intraunion remedies? The issue with respect to the corporation is: has plaintiff alleged facts either in his complaint or by way of counter-affidavit upon which relief can be granted?

Plaintiff was employed by Chevrolet National Parts Distribution for several years prior to June 18, 1961, when he was placed on sick leave. On or about June 29, 1961, plaintiff was committed as a mentally ill person to Pontiac State Hospital, from which he escaped about September 17, 1961. April 2, 1962, he was discharged by his employer as unavailable for work. May 7, 1963, he was restored to soundness of mind by the committing court and the next day he appeared at Chevrolet National Parts Distribution and requested reinstatement and work. This was refused. On or about May 22, 1963, defendant union filed a grievance on behalf of plaintiff for the refusal of defendant corporation to rehire and reinstate him. This grievance was partially processed and then withdrawn by the union.

Section 13 of article 32 of the union constitution reads:

"It shall be the duty of any member or subordinate body who feels aggrieved by any action, decision or

penalty imposed upon him or it, to exhaust his or its remedy and all appeals therefrom under the laws of this International Union prior to appealing to a civil court or governmental agency for redress."

Plaintiff's complaint discloses that he has not exhausted the grievance procedure and he pleads no bad faith, arbitrary action or fraud on the part of the union in processing his grievance. *Cortez* v. *Ford Motor Company* (1957), 349 Mich 108, controls, and the trial court properly ruled it had no jurisdiction of the claim against the union.

Plaintiff's complaint against the defendant corporation is also fatally defective. It alleges no facts demonstrating fraud, bad faith, or lack of fair representation by the union, and without such a showing the grievance procedure of the union contract is plaintiff's exclusive remedy. *Republic Steel Corp.* v. *Maddox* (1965), 379 US 650 (85 S Ct 614, 13 L ed 2d 580). The trial court properly ruled that plaintiff had failed to state a claim against defendant corporation on which relief could be granted.

Affirmed, with costs to appellees.

McGREGOR, P. J., and BURNS, J., concurred.