McCANN *v.* LOCAL 12075, DISTRICT 50, UNITED
MINE WORKERS OF AMERICA.

1. LABOR RELATIONS—UNION MEMBERS—EXHAUSTION OF REMEDIES.
   A union member must exhaust the remedies provided in the
   union constitution and bylaws before seeking relief in a court
   of law.

2. PLEADING—COMPLAINT—EXCEPTION TO EXHAUSTION OF UNION
   REMEDIES.
   A complaint which alleges mere conclusions and opinions of fraud,
   arbitrariness, maliciousness, bad faith, and futility of attempt-
   ing to exhaust intraunion remedies, but no facts in support
   thereof, *held*, insufficient to come within the exception to the
   general rule which requires that a union member exhaust
   the remedies provided in the union constitution and bylaws
   before seeking relief in a court of law.

3. JUDGMENT—SUMMARY JUDGMENT—UNION MEMBERS—EXHAUSTION
   OF REMEDIES.
   Claim that the trial court erred in granting summary judgment
   on behalf of defendant union and its officers *held*, without
   merit, where it was undisputed that plaintiff had failed to
   exhaust the remedies provided in the union constitution and
   bylaws, and plaintiff's complaint contained mere conclusions
   and opinions of fraud, arbitrariness, maliciousness, bad faith,
   and futility of attempting to exhaust intraunion remedies,
   with no factual allegations in support thereof, such complaint
   being insufficient to come within the exception to the general
   rule that a union member must exhaust the remedies pro-
   vided by the union constitution and bylaws before seeking
   relief in court.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 31 Am Jur, Labor § 68.
Exhaustion of remedies within labor union as condition of re-
sort to civil courts by expelled or suspended member.  168 ALR
1462, 87 ALR2d 1099.

Appeal from Midland; Campbell (Robert H.), J. Submitted Division 3 March 7, 1967, at Grand Rapids. (Docket No. 2,512.) Decided May 25, 1967.

Complaint by Thomas McCann, Jr., against Local 12075, District 50, United Mine Workers of America, a voluntary labor association, members of its executive board, and president and directors of international union seeking a declaratory judgment that plaintiff remained president of defendant local union upon the withdrawal of his resignation as president before the effective date set forth therein, but after such resignation has been accepted by defendant union. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*William J. Ginster,* for plaintiff.

*Currie & Kendall,* for defendants Local 12075, District 50, United Mine Workers of America, and members of its executive board.

*Vandeveer, Haggerty, Doelle, Garzia, Tonkin & Kerr,* for defendants international president and international directors of District 50, United Mine Workers of America.

FITZGERALD, P. J.     Plaintiff was duly elected president of Local 12075 in June, 1965, for a term of 2 years. He voluntarily submitted his resignation as president in writing to the members of the Local at a duly called meeting held on March 15, 1966. Plaintiff presided at this meeting and by the terms of the resignation it was to be effective April 15, 1966. A vote was taken on acceptance of the resignation and carried by a vote of 253 in favor and 82 against.

At a subsequent regular meeting on April 5, 1966, still conducted by plaintiff as president, he attempted to withdraw his resignation. The members voted 381 to 80 against allowing plaintiff to withdraw his resignation.

On April 7, the vice-president, Rex Harris, sent a telegram to Elwood Moffett, international president of District 50, United Mine Workers of America, informing him of the resignation of plaintiff and its acceptance by the Local and requested an interpretation of the international union's constitution and local union bylaws. Moffett answered the same day stating that the constitution and bylaws confirmed the decision of the local union that plaintiff's resignation was indeed effective on April 15. The vice-president assumed the office on that date.

Plaintiff appealed the decision of the international president on April 18th and the international union president replied, stating that plaintiff's appeal would be heard by a commission representing the executive board of International Union of District 50. The hearing was set for April 28, 1966, and on that date a duly appointed commission of the international union's executive board met and heard testimony. Plaintiff appeared in person and testified. The commission issued its recommendation on June 1, 1966, upholding the decision of the Local that appellant's resignation and the acceptance thereof were proper and binding and that the vice-president was now lawfully filling the office of president.

In its finding of facts, the commission stated:

"We further find that the resignation of Tom McCann was positive, voluntary, with no conditions attached and was properly submitted to the membership who acted properly in accepting it. Once the resignation had been given and accepted, Tom

McCann was no longer president after the effective date set out in the resignation."

The recommendations of the commission were submitted to the international union's executive board, where an appeal was pending at the time plaintiff instituted this lawsuit, June 30, 1966.

Separate motions to dismiss the lawsuit were brought on behalf of the various defendants, alleging that the plaintiff had failed to exhaust his intraunion remedies, and had failed to allege in his complaint that he has exhausted such remedies.

A court hearing on the motions resulted in an order of dismissal on the 29th day of July as follows:

"Separate motions having been brought on for all defendants by their respective attorneys, Currie & Kendall, and Vandeveer, Haggerty, Doelle, Garzia, Tonkin & Kerr, to dismiss plaintiff's complaint on the grounds that plaintiff failed to allege that he had exhausted his intraunion remedies available to him under the international union constitution and local union bylaws, and on the further ground that plaintiff did not exhaust intraunion remedies available to him thereunder, and after hearing arguments by the attorneys representing both the plaintiff and the defendants, and the court being fully advised in the premises, and the court after due deliberation came to the conclusion that the plaintiff's complaint should be dismissed for the reason that plaintiff failed to exhaust his intraunion remedies available to him under the international union constitution and local union bylaws, it having been established that intraunion remedies are available to him thereunder and are in process. The court further determined that there were no well-plead allegations of fact set forth in plaintiff's complaint upon which there could be found an exception to the principle of law followed in Michigan requiring

exhaustion of intraunion remedies available to plaintiff under the international union constitution and local union bylaws as a condition precedent to instituting civil suit.

"Now therefore, it is hereby ordered that the plaintiff's complaint against all defendants be and the same hereby is dismissed."

On claim of appeal, plaintiff acknowledges the well-recognized rule of law in Michigan that a union member must exhaust the remedies provided in the union constitution and bylaws before seeking relief in a court of law, but seeks to carve out an exception thereto. He contends that there were legally sufficient well-plead allegations set forth in the complaint upon which such an exception could be founded. He alleges that there were sufficient well-plead factual allegations of fraud, arbitrariness, maliciousness, bad faith and futility of attempting to exhaust intraunion remedies. He further alleges noncompliance with the bylaws of the Local and the customs and usage of the local and international constitution and avers that the court had jurisdiction on the basis of the complaint filed to grant relief to protect "vested property rights of plaintiff," specifically his job as president.

Plaintiff is met at the outset with the fact that this Court in its brief span of existence has reiterated the exhaustion of intraunion remedies principle 3 times. *Kennedy* v. *UAW-AFL-CIO Local No. 659* (1966), 3 Mich App 629; *Scally* v. *Communication Workers of America (AFL-CIO) Detroit Local 4000* (1966), 3 Mich App 737; and *Field* v. *Local 652 UAW AFL-CIO* (1967), 6 Mich App 140.

Plaintiff cites specifically *Howland* v. *Local Union 306, UAW-CIO* (1948), 323 Mich 305, as a case in which an exception to the general rule was found and which supports his position. Factually, that

case has little bearing on the case before us since it involves a plaintiff who alleged that:

"He only became a member of the defendant union by reason of 'force, duress, and coercion' imposed on him, and that after his unlawful discharge he unconditionally tendered payment of all dues and penalties, but that defendant union, although retaining a cashier's check therefor, failed to restore him in full membership rights and notify his employer of 'their approval of his return to work; but, on the contrary and wilfully and maliciously, defendants contend that the plaintiff cannot return to work at The Budd Company without their permission and assert that they will prevent his doing so.' "

That the bill of complaint in *Howland* tested under *Lucking* v. *People* (1948), 320 Mich 495, stated a cause of action is not precedential in this lawsuit.   No matter how favorably we construe plaintiff's complaint, we cannot raise it above the level of conclusions and opinion.   The test of such a complaint was definitively set forth in *Durant* v. *Stahlin* (1964), 374 Mich 82, and reiterated by this Court in *Dionne* v. *Pierson Contracting Co.* (1965), 2 Mich App 134.   This complaint does not meet those tests.

In *Howland, supra,* the acts of the union were obviously unjustifiable and the posture of the case was different, *i. e.,* seeking to restrain interference with plaintiff's employment at The Budd Company. It furnishes no precedent for us here.

Having failed to exhaust his intraunion remedies before instituting the present proceeding, and failing to allege any right in which the Court might find an exception to the well-settled rule, defendant's motion for dismissal was properly granted.

Affirmed.   Costs to appellees.

Burns and Holbrook, JJ., concurred.