SIMS *v.* UNITED PAPERMAKERS & PAPERWORKERS AFL-CIO

1. LABOR RELATIONS—UNIONS—FAIR REPRESENTATION.

    A labor union is liable to a member for breach of its duty of fair representation only where such breach was arbitrary, fraudulent, discriminatory, or in bad faith; a union is not liable to a member for breach of its duty of fair representation for mere negligence.

2. LABOR RELATIONS—UNIONS—FAIR REPRESENTATION—NEGLIGENT FAILURE.

    Negligent failure of defendant union to request arbitration of plaintiff member's discharge by defendant company within the 30-day time period did not render the union liable for breach of its duty of fair representation in the absence of any showing by plaintiff that defendant union acted arbitrarily, discriminatorily, fraudulently, or in bad faith in processing his grievance, and the trial court's denial of the union's motion for summary judgment was error where the complaint was grounded only in negligent failure.

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted Division 3 February 4, 1970, at Grand Rapids.   (Docket No. 7,066.)   Decided August 25, 1970.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] Labor and Labor Relations §§ 273–283, 771–774.

Complaint by Lester Sims against United Papermakers and Papermakers, AFL-CIO and Local 1028, United Paperworkers and Papermakers AFL-CIO, for breach of duty of fair representation, and against Rex Paper Company for wrongful discharge. Rex Paper Company's motion for accelerated judgment granted; United Papermakers and Paperworkers' (local and international) motion for accelerated judgment denied. Complaint by United Papermakers and Paperworkers (local and international) as third party plaintiffs, against Rex Paper Company as a third party defendant for indemnification for any recovery for wrongful discharge by Lewis Sims against United Papermakers and Paperworkers. Summary judgment for third-party defendant Rex Paper Company granted. Defendants United Papermakers and Paperworkers (local and international) appeal. Reversed and remanded.

*Robert A. Huston* (*Loyal A. Eldridge,* of counsel), for defendant Rex Paper Company.

*Edward J. Ryan,* for defendants United Papermakers and Paperworkers, AFL-CIO and Local 1028 United Papermakers and Paperworkers, AFL-CIO.

Before: HOLBROOK, P. J., and DANHOF and ROOD,* JJ.

ROOD, J. On November 30, 1964, plaintiff, Sims, was discharged from employment at defendant-appellee Rex Paper Company's Kalamazoo plant. Sims was at that time a member of a bargaining unit which was represented under a contract executed on August 19, 1963, by the defendant union. Sims

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sought reinstatement and back pay by processing a grievance under the terms of the collective bargaining agreement.

On February 1, 1965, the union requested arbitration of Sim's grievance. Defendant employer responded that the request was untimely in that the union had failed to request arbitration within 30 calendar days after management's fourth step answer had been delivered to the Union as required by the collective bargaining agreement, Article III, § 6.**

On April 30, 1965, an arbitrator ruled in support of the company's position that the demand was untimely being one day late by his reckoning and that, therefore, under the agreement the grievance was null and void. The union has made no effort to set aside the arbitrator's ruling although it disputed the company's claim that the request for arbitration was untimely.

Sims filed suit on October 8, 1965, in Kalamazoo circuit court against the union and certain of its officers alleging that the union had breached its statutory duty of fair representation owed to him as a member of the bargaining unit and that, therefore, the union was liable for whatever damages he suffered by way of lost wages.

Sims also named the company in his complaint on the basis of its alleged wrongful discharge.

Both the union and the company filed motions for accelerated judgment. The trial court granted the company's motion and dismissed it as a party on

---

** "Arbitration. If the grievance is not settled at this point, [after the fourth step answer] either party hereto, within thirty (30) calendar days after management's fourth Step answer has been delivered to the union, may serve a demand for arbitration upon the other party. *If no such demand is served within said thirty (30) day period, such failure shall render the grievance null and void. * * * [T]he decision of the arbitrator shall be final and binding.*" (Emphasis supplied.)

September 28, 1966. The motion was granted on the grounds that the arbitrator's decision that the request for arbitration was not timely made was binding, since there was no allegation of fraud or conspiracy.

The union's motion, however, was denied since in the trial court's view if Sims could prove that his claim of wrongful discharge would have been upheld but for the failure of the union to make a timely demand for arbitration he would have a cause of action against the union.

The trial court denied the union's motion for reconsideration of its denial of accelerated judgment on March 31, 1967.

Leave to take an interlocutory appeal by the union was denied by this Court.

On August 19, 1968, the union sought to bring the company back into the action by a third-party complaint for the purposes of indemnification.

The trial court granted the company's motion for summary judgment on February 18, 1969.

On appeal, the union asserts among other things that the trial court erred as to the law in holding that the union could be liable for breaching its duty of fair representation, in the absence of a showing that such breach was arbitrary, discriminatory, or in bad faith. Both defendant-appellant, union, and defendant-appellee, company, agree that the trial court erred in finding that the union could be liable for mere negligence in its representation of Sims.

They both rely on *Vaca* v. *Sipes* (1967), 386 US 171, (87 S Ct 903, 17 L Ed 2d 842) for the proposition that a union is not liable to a member for breach of its duty of fair representation for mere negligence.

We agree. The United States Supreme Court in *Vaca* v. *Sipes* restricted the scope of a suit in a state

court by a member against his union for breach of the duty of fair representation.

In 48 Am Jur 2d, Labor and Labor Relations, § 771, p 500, relying on *Vaca* it is said that:

"A union's duty of fair representation obliges it to serve the interests of all members of the bargaining unit without hostility toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct."

The Am Jur 2d interpretation of *Vaca* and the duty of fair representation is exemplified in the decisions of various federal courts as well as the decisions of this court.

In *Acuff* v. *United Papermakers & Paperworkers, AFL-CIO* (CA 5, 1969), 404 F2d 169, 171, the court, finding no cause of action in a refusal to arbitrate, said:

"This is not to say, however, that we would afford no relief even if a union in refusing to pursue a grievance or in its manner of advocacy were motivated by animus against an individual union member. But a 'breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.'"

See *Brady* v. *TWA* (CA 3, 1968), 401 F2d 87, 94; *Slagley* v. *Illinois Central R. Co.* (CA 7, 1968), 397 F2d 546, 550; *Bieski* v. *Eastern Automobile Forwarding Co.* (CA 3, 1968), 396 F2d 32, 37; *Gottschling* v. *Square D Co. and Technical Engineers' Association* (ED Wis, 1969), 301 F Supp 1349; *Ferrara* v. *Pacific Intermountain Express Co. & Local 705, International Brotherhood of Teamsters* (ND Ill, 1969), 301 F Supp 1240; see also *Gray* v. *International Association of Heat & Frost Insulators & Asbestos Workers Local 51* (CA 6, 1969), 416 F2d

313.  Therefore, unless a plaintiff member shows
that his union acted arbitrarily, discriminatorily, or
in bad faith, his action for breach of the duty of fair
representation must be dismissed.  *Acuff; Gott-schling.*

Likewise, the cases of this court as well as of our
State Supreme Court requires that in an action
where a member seeks to hold his union liable for
breach of its duty of fair representation that bad
faith, fraudulent, or arbitrary conduct must be
shown.  *Cortez* v. *Ford Motor Company* (1957), 349
Mich 108; *Sheremet* v. *Chrysler Corporation* (1964),
372 Mich 626, 636; *Field* v. *Local 652 UAW AFL-CIO* (1967), 6 Mich App 140; *Kennedy* v. *UAW
AFL-CIO Local No. 659* (1966), 3 Mich App 629; see
additionally *Harrison* v. *Arrow Metal Products Cor-poration* (1969), 20 Mich App 590.  In *Sheremet, su-pra,* pp 635, 636, the Court says in reference to the
complaint,

" * * * that plaintiff's union failed to press his
grievance  * * *  fairly, impartially, and without
discrimination.  What this means, we dare not say
excepting only that it is *not* an allegation of bad
faith, arbitrary action or fraud such that judicial
relief may be sought against the *union;* nor is it,
without more, any basis heretofore known to the law
for judicial relief against an *employer.*"  (Citations
omitted.)

Without going into the union's assertions that if
liable to Sims it is entitled to reimbursement from
the company as the primary wrongdoer, we find that
the trial court erred in its denial of the union's mo-tion for accelerated judgment, which we will treat
as a motion for summary judgment, since the plain-tiff's complaint does not allege arbitrary, discrim-

inatory, bad-faith, or fraudulent conduct but only negligence.

Reversed and remanded for entry of the order to dismiss.

All concurred.