HANDWERK v UNITED STEELWORKERS OF AMERICA

1. JUDGMENT—SUMMARY JUDGMENT—LEGAL SUFFICIENCY—PLEADINGS
—ENFORCEABLE CLAIM.

A motion for summary judgment challenging the legal sufficiency of a plaintiff's claim is to be examined in light of the pleadings alone; a reviewing court must accept as true all well-pleaded facts in the plaintiff's complaint and determine whether his claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. LABOR RELATIONS—UNIONS—FAIR REPRESENTATION—BREACH OF DUTY.

A union's duty of fair representation of its members is breached when the union's conduct toward a member is arbitrary, discriminatory, or in bad faith; a union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion.

3. LABOR RELATIONS—UNIONS—FAIR REPRESENTATION—NEGLIGENT FAILURE—ARBITRARINESS.

Negligence on the part of a labor union in failing to timely file a notice of intent to proceed to arbitration of a member's grievance is a clear example of the arbitrary and perfunctory handling of a grievance which constitutes a breach of the duty of fair representation.

4. LABOR RELATIONS—UNIONS—ACTION FOR DAMAGES—EXHAUSTION OF REMEDIES—CONSTITUTION OF UNION.

Exhaustion of intra-union remedies is not required of an employee seeking damages from a union for its negligent failure to properly process his grievance where the constitution of the union establishes exhaustion requirements for cases involving the union's internal affairs and disciplinary charges affecting a member's status in the union, but not for cases involving a member's claim against the union for damages.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment §§ 15, 26 *et seq.*
[2-4] 48 Am Jur 2d, Labor and Labor Relations § 273 *et seq.*

Appeal from Emmet, William A. Porter, J. Submitted February 3, 1976, at Grand Rapids. (Docket No. 22963.) Decided March 9, 1976.

Complaint by Douglas G. Handwerk against the United Steelworkers of America, United Steelworkers of America, Local 136, and Penn-Dixie Cement Corporation seeking damages and reinstatement of employment because of a wrongful discharge from employment. Summary judgment for defendants. Plaintiff's motion to set aside the summary judgment orders granted and cause of action reinstated. The defendant unions appeal by leave granted. Affirmed.

*Richard H. Scholl,* for plaintiff.

*Kasoff, Young, Gottesman, Kovinsky, Friedman & Walkon, P. C.,* for the United Steelworkers.

Before: QUINN, P. J., and J. H. GILLIS and ALLEN, JJ.

PER CURIAM. Plaintiff, Douglas Handwerk, was an employee of the Penn-Dixie Cement Corporation and a member of United Steelworkers of America and Local 136. He alleges that he fainted twice as a result of adverse working conditions and, consequently, was unable to continue his employment. After he recovered, he received a medical approval for his return to work, but, upon attempting to return, was discharged.

Claiming that the discharge was wrongful, without just cause, and in violation of the collective bargaining agreement between the defendant union and the defendant corporation, he initiated a grievance proceeding pursuant to that agreement. The union processed plaintiff's grievance through

all grievance procedure steps and appealed it to arbitration. But, the union was three months late in filing its notice of intent to proceed to arbitration. As a result, the arbitrator found that the union had failed to comply with the 40-day time limit of the collective bargaining agreement and, therefore, denied the grievance.

Plaintiff then filed a complaint against the defendant union and the defendant corporation in Emmet County Circuit Court seeking damages and reinstatement of employment. Defendants filed motions for summary judgment on the ground that plaintiff had failed to state a claim upon which relief could be granted. Judge Edward Fenlon granted those motions.

Plaintiff next filed a motion for rehearing and to set aside the summary judgment orders. Because Judge Fenlon had retired, Judge William Porter heard the motion. He issued an opinion vacating the prior summary judgment orders and reinstating plaintiff's cause of action against the defendant union. Judge Porter then issued a supplemental opinion reinstating plaintiff's cause of action against the defendant corporation. The defendant union now appeals by leave granted. Defendant contends first that plaintiff's complaint does not state a cause of action, and, consequently, the trial court erred in vacating the summary judgment order and reinstating the cause.

The standard for review of a GCR 1963, 117.2(1) motion for summary judgment, as set forth in *Borman's, Inc v Lake State Development Co*, 60 Mich App 175, 179–180; 230 NW2d 363, 366 (1975), is as follows:

"A motion based solely on subsection 1 challenges the legal sufficiency of a plaintiff's claim and is to be considered by an examination of the pleadings alone.

*Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974). [The] job [of] a reviewing court is to accept as true the well-pleaded facts in plaintiff's complaint * * *, *Weckler v Berrien County Road Commission,* 55 Mich App 7, 9; 222 NW2d 9 (1974), and to determine whether these claims are so 'clearly unenforceable as a matter of law that no factual development can possible [sic] justify a right to recovery'. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 431; 202 NW2d 577 (1972)."

Plaintiff's complaint states a cause of action if the factual allegations therein, which are presumed to be true, establish a violation of the union's statutory duty of fair representation. *Vaca v Sipes,* 386 US 171; 87 S Ct 903; 17 L Ed 2d 842 (1967). *Vaca* explained that the duty of fair representation is breached when the union's conduct toward a union member is arbitrary, discriminatory, or in bad faith. The Court explained, "a union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion". *Vaca, supra,* 386 US at 191; 87 S Ct at 917; 17 L Ed 2d at 853 (1967).

Because the *Vaca* standard regarding the duty of fair representation involves an interpretation of Federal law, that standard is binding on this Court. Nevertheless, because the facts of *Vaca* and the instant case are significantly different, the *Vaca* holding does not control the case at bar.

In *Vaca* plaintiff had taken a leave of absence from his job due to high blood pressure. After his family physician certified that he could resume his work, he attempted to return to the company. But, because the company doctor examined him and concluded he was unfit to return to work, the company discharged him. The union then filed and processed a grievance on his behalf. Hoping to get better medical evidence so it could go to arbitra-

tion, the union sent plaintiff to a new doctor. Because that doctor also found plaintiff medically unfit to return to work, the union decided not to take plaintiff's grievance to arbitration. Plaintiff then sued the union. Emphasizing that an employee has no absolute right to have his grievance taken to arbitration, the *Vaca* Court concluded that the union had not acted arbitrarily or in bad faith in processing plaintiff's grievance.

The instant case, on the other hand, does not involve a decision not to take plaintiff's grievance to arbitration. Instead, it involves a failure by the union to take timely action on its decision to go to arbitration. Thus, it is factually more analogous to *Sims v United Paperworkers,* 26 Mich App 129; 182 NW2d 90 (1970), where the union filed its arbitration demand one day late and thereby lost its right to take plaintiff's grievance to arbitration. The *Sims* Court characterized the union's conduct as negligent and concluded that plaintiff's complaint failed to state a cause of action because it did "not allege arbitrary, discriminatory, bad-faith or fraudulent conduct but only negligence". 26 Mich App at 134–135; 182 NW2d at 92.

In reaching that conclusion, the Court interpreted *Vaca, supra,* narrowly by relying on it "for the proposition that a union is not liable to a member for breach of its duty of fair representation for mere negligence". 26 Mich App at 132; 182 NW2d at 91. But, because *Vaca* did not involve negligent conduct by the union, it does not stand for the above-stated proposition. Furthermore, the Michigan Supreme Court in *Lowe v Hotel & Restaurant Employees Union Local 705,* 389 Mich 123; 205 NW2d 167 (1973), a post-*Sims, supra,* case, adopted a broad interpretation of *Vaca, supra.*

*Lowe, supra,* rejected the approach that subjectively attempts to determine the union's state of mind or motive and, instead, endorsed a jury instruction that explained that "the plaintiff should recover only if it found the union's refusal to take plaintiff's grievance to arbitration was arbitrary and not a fair, reasonable and honest judgment on defendants' part". *Lowe v Hotel & Restaurant Employees Union Local 705,* 389 Mich 123, 148; 205 NW2d 167, 178 (1973).

The Court then explained:

"If that standard is less exacting than has appeared in other cases, it reflects a belief that a union owes a greater duty to its members than merely to refrain from persecuting them.

"Every man's employment is of utmost importance to him. It occupies his time, his talents, and his thoughts. It controls his economic destiny. It is the means by which he feeds his family and provides for their security. It bears upon his personal well-being, his mental and physical health.

"In days gone by, a man's occupation literally gave him his name. Even today, continuous and secure employment contributes to a sense of identity for most people.

"It is no solace to a man fired from his job that his union acted without spite, animosity, ill will, and hostility toward him. If he has been wrongfully discharged by his employer, in violation of his contract of employment, a collective bargaining agreement made for his benefit and protection, it is unthinkable that he should be denied relief—denied justice—by the courts." 389 Mich 123, 148; 205 NW2d 167, 178–179.

Although *Lowe* is factually dissimilar to the instant case in that it involves a refusal by the union to take plaintiff's grievance to arbitration, we believe the *Lowe* Court's interpretation of *Vaca* controls the case at bar. Thus, although *Sims* is

factually similar to the instant case, we decline to follow its holding because it is a pre-*Lowe* case applying a narrow interpretation of *Vaca.* We choose, instead, to follow the holding of *Ruzicka v General Motors Corporation,* 523 F2d 306 (CA 6, 1975), which is factually similar to the case at bar and also adopts a broad interpretation of *Vaca.*

In *Ruzicka* the union processed plaintiff's grievance (based on improper discharge) through the initial steps of the grievance procedure but failed to file an arbitration demand, although it had twice requested and received time extensions to do so. The Circuit Court of Appeals first explained that *Vaca, supra,* delineated three separate and independent ways in which a union can breach its duty of fair representation. They are: by conduct that is arbitrary; by conduct that is in bad faith; or by conduct that is discriminatory. The Court then explained that the *Ruzicka* lower court had misread *Vaca* when it held that arbitrary or discriminatory conduct constitutes a breach of the duty of fair representation only where the union has also acted in bad faith. Thus, the Court adopted a broad reading of the *Vaca* standard.

Characterizing the union's conduct as negligent, the Circuit Court of Appeals held that such conduct "amounts to unfair representation * * * (because) [i]t is a clear example of arbitrary and perfunctory handling of a grievance". 523 F2d at 310.

Employing the *Ruzicka, supra,* approach, we conclude that union conduct similar to that in *Ruzicka* is arbitrary and, consequently, breaches the duty of fair representation. Thus, in the case at bar, because plaintiff alleges such conduct, we hold that he stated a claim upon which relief can be granted.

Although defendant contends that plaintiff is precluded from bringing his cause of action because he failed to exhaust his intra-union remedies, we disagree because we believe exhaustion was not necessary in the instant case. *Lowe, supra,* indicated that exhaustion of intra-union remedies is not required where the constitution of the union in question establishes exhaustion requirements for cases involving the union's internal affairs and disciplinary charges affecting a member's status in the union but not for cases involving a member's claim against the union for damages.

In the instant case, the union's constitution contains exhaustion provisions similar to those described in *Lowe, supra.* Exhaustion is discussed under the article entitled "Trials of Members and Local Union Officers", and both the context and language suggest that the provisions apply only to disciplinary charges. The constitution makes no mention of a need to exhaust intra-union remedies prior to suing the union for damages. Consequently, applying *Lowe,* we hold that plaintiff's cause of action is not barred by his failure to exhaust his intra-union remedies.

Affirmed. Costs to plaintiff.