MERDLER v DETROIT BOARD OF EDUCATION

1. JUDGMENT—SUMMARY JUDGMENT—FAILURE TO STATE CLAIM—SUFFICIENCY OF PLEADINGS—COURT RULES.

A motion for summary judgment based upon the failure to state a claim upon which relief can be granted is to be examined and considered by the legal sufficiency of the pleadings alone, accepting every well-pled allegation as true; the test is whether the plaintiff's claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. MASTER AND SERVANT—LABOR RELATIONS—DISCHARGE OF EMPLOYEE.

An employer can discharge an employee at will and without cause in the absence of a contractual provision to the contrary.

3. SCHOOLS AND SCHOOL DISTRICTS—LABOR RELATIONS—DISCHARGE OF TEACHER—NOTICE OF DISCHARGE.

A plaintiff part-time substitute teacher's claim that she was wrongfully discharged from employment should be rejected where there is no dispute that she was subject to termination on 48-hour notice and that she received the requisite notice provided for in the contract between the teachers' union, of which the plaintiff is a member, and the board of education.

4. LABOR RELATIONS—DUTY OF FAIR REPRESENTATION—PLEADING—FACTUAL ALLEGATIONS.

A complaint alleging that a labor union breached its duty of fair

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Pleading §§ 225, 237 *et seq.*

[2] 53 Am Jur 2d, Master and Servant § 43.

Comment Note—Employee's arbitrary dismissal as breach of employment contract terminable at will. 62 ALR3d 271.

[3] 68 Am Jur 2d, Schools §§ 185, 187, 188.

Sufficiency of notice of intention to discharge teacher, or not to renew contract, under statutes requiring such notice. 92 ALR2d 751.

[4] 48 Am Jur 2d, Labor and Labor Relations § 280.

[5] 48 Am Jur 2d, Labor and Labor Relations §§ 274, 278.

[6] 48 Am Jur 2d, Labor and Labor Relations § 1208.

representation must factually allege misconduct; a complaint which is framed in conclusional language and in which no facts are pleaded is insufficient to state a claim.

5. LABOR RELATIONS—COLLECTIVE BARGAINING AGREEMENT—CONTRACTUAL RIGHTS—ACCESS TO COURTS—EXHAUSTION OF REMEDIES.

An employee has no access to the courts for disputes involving contractual rights under a collective bargaining agreement until internal union remedies have been exhausted.

6. LABOR RELATIONS—COLLECTIVE BARGAINING AGREEMENT—GRIEVANCE PROCEDURE—STATUTORY RIGHTS—CONSTITUTIONAL RIGHTS —CONTRACTUAL RIGHTS.

Language of a collective bargaining agreement which provides that a grievance procedure shall be supplementary or cumulative to, rather than exclusive of, any procedures or remedies provided by law applies only to statutory or constitutional rights rather than to contractual rights.

Appeal from Wayne, Thomas J. Foley, J. Submitted June 22, 1977, at Detroit. (Docket No. 30736.) Decided August 26, 1977.

Complaint by Ruth J. Merdler against the Board of Education of the School District of the City of Detroit, the Detroit Federation of Teachers, Local 231, American Federation of Teachers, AFL-CIO, and Dorothy Irwin for damages for wrongful discharge from employment and wrongful refusal to process a grievance concerning that discharge. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Max E. Klayman* and *George Stone,* for plaintiff.

*Riley & Roumell* (by *George T. Roumell, Jr.,* and *John F. Brady),* for the Detroit Board of Education.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare,* for the Detroit Federation of Teachers.

Before: R. M. MAHER, P. J., and N. J. KAUFMAN and F. J. BORCHARD,* JJ.

PER CURIAM. Plaintiff brought this action for wrongful discharge against defendant Board of Education of the School District of the City of Detroit (hereinafter referred to as "Board"). She also named Detroit Federation of Teachers, Local 231, as defendants, (hereinafter referred to as "Union") claiming that the Union had wrongfully refused to process her grievance.

Both defendants responded to the complaint by denying the essential allegations contained therein except to agree that the plaintiff's grievance was without merit.

Both defendants then moved for accelerated and summary judgment of dismissal for the reasons that (1) plaintiff had failed to state a claim upon which relief could be granted; (2) there was no material dispute of fact and the defendants were entitled to judgment as a matter of law; (3) plaintiff's exclusive remedy was the grievance procedure contained in the collective bargaining agreement; and (4) plaintiff had failed to utilize and exhaust her internal union remedies.

Following the submission of briefs and after hearing oral argument, Wayne County Circuit Court Judge Thomas J. Foley entered an opinion on August 31, 1976 which granted both defendants' motions for summary and accelerated judgment and dismissed the plaintiff's complaint for all the reasons set forth by the defendants in their motions.

Plaintiff appeals as of right.

The trial court granted summary judgment based on GCR 1963, 117.2(1), the failure to state a

* Circuit judge, sitting on the Court of Appeals by assignment.

claim upon which relief can be granted. The standard for review of summary judgment based on that rule is well established. A motion based on sub-section (1) challenges the legal sufficiency of plaintiff's claim and is to be examined and considered by the legal sufficiency of the pleadings alone. Every well-pleaded allegation must be accepted as true. The test is whether plaintiff's claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Woodworth v Brenner,* 69 Mich App 277; 244 NW2d 446 (1976), Borman's, Inc v Lake State Development Co, 60 Mich App 175; 230 NW2d 363 (1975).

Plaintiff Ruth Jean Merdler was a part-time substitute teacher; in terms of the contract, an "emergency substitute in regular position", or "ESRP".

On September 1, 1972, plaintiff was employed by the Board as an ESRP for the ensuing school year to function in a relief capacity three days per week at Lynch Elementary School. The plaintiff served as a relief teacher for tenured and probationary teachers making use of the one hour of preparation time allowed them each day. On March 12, 1973, the plaintiff received the following notice terminating her services:

"March 12, 1973

"Dear Mrs. Merdler,

"Because of the situation which has occurred, and because the relationships among the teachers are deteriorating rapidly as a result, I feel it would be better if you worked in a different school setting after Wednesday, March 14, 1973.

"Therefore, this letter is the required two day notice of termination which is called for by the Personnel rules.

"Thank you for your service to our school this year.
"Sincerely yours,
"Dorothy Irwin
"Principal."

The collective bargaining agreement Article XII, § G provides, in pertinent part:

"Contract teachers shall receive at least a week's notice before they are transferred from one regular assignment to another regular assignment unless such transfer is at the teacher's own request. *ESRP's shall be given at least two days' notice before an assignment is closed out * * * .*" (Emphasis added.)

The parties to the contract agree that this language refers to the assignment of the teacher, rather than the job to which that teacher may be assigned. This interpretation is entitled to great weight. *Barrett v Safeway Stores, Inc,* 538 F2d 1311 (CA 8, 1976), *Pekar v Local 181, Brewery Workers, AFL-CIO,* 311 F2d 628, 636 (CA 6, 1962), *cert den,* 373 US 912; 83 S Ct 1303, 10 L Ed 2d 414 (1963).

In *Detroit Federation of Teachers v Detroit Board of Education,* 396 Mich 220; 240 NW2d 225 (1976), the Michigan Supreme Court discussed the closing out of an ESRP's assignment:

"The rights and benefits accorded teachers in each category vary.

"An ESRP's assignment may be 'closed out' upon two days' notice. Master Agreement, Art XII, § G. Under the teachers' tenure act, a probationary teacher is entitled to be 'notified in writing at least 60 days before the close of the school year that his services will be discontinued'. MCLA 38.83; MSA 15.1983. 'Generally, probationary teachers with less than two years' seniority will not be transferred.' Art XII, § G. There is no

similar limitation on the discretion of the board to transfer ESRPs." 396 Mich at 225, n 6.

The statement of facts in Justice WILLIAMS' opinion noted:

"As a result, many full-time teachers for the *1972-73 academic year* were labeled *ESRPs,* were denied a written contract, and *were subject to termination on 48 hours notice.* In contrast, probationary teachers had in the past received a written contract which by its terms required sixty days notice before termination." (Emphasis added; footnote omitted.) 396 Mich at 230.

There is no dispute that plaintiff received two days' notice before she was discharged. Therefore, the plaintiff's claim that she was wrongfully dismissed must be rejected. In the absence of a contractual provision to the contrary, an employer can discharge an employee at will and without cause. *Carry v Consumers Power Co,* 64 Mich App 292; 235 NW2d 765 (1975).

Why defendant Union entered into this contract is not for us to decide[1] and plaintiff as a member of defendant Union worked under this contract of employment.

Defendant Union in its answer to plaintiff's complaint and in its motion *supra* stated that while it would prefer to agree with the interpretation of plaintiff, that is simply not what the parties bargained for and it is obliged to abide by its agreement.

The complaint against the defendant Union contains the following allegations:

"8. That said Local failed, refused and neglected to

[1] On oral argument, the Union's counsel stated that the provision had been modified by subsequent agreements with the Board.

take any steps or make any effort to process such grievance on behalf of plaintiff and aid her in obtaining reinstatement and other relief which might be due to her.

* * *

"11. That the acts herein referred to were performed by all of the defendants without just cause or provocation and were done with malicious intent to bring about termination of plaintiff's employment to her damage as aforesaid. That plaintiff, since the unlawful termination of her employment, has made repeated efforts to obtain employment in a like or kindred capacity but has not been successful in doing so due to the manner in which she was discharged and to the disparagement of her professional integrity caused thereby."

The pleadings in the present case were framed in conclusional language. No facts were pleaded. Therefore, the complaint was insufficient. Plaintiff's citation to *Handwerk v United Steelworkers of America,* 67 Mich App 747; 242 NW2d 514 (1976), is misplaced in this case, as the Union did not act in a negligent or untimely fashion here.

In order to properly plead such a breach of duty, the law requires that the complaint must *factually* allege misconduct. The Court in *Carry v Consumers Power Co, supra* at 298, concluded:

" '[T]he allegations of a complaint alleging a breach of a union's duty of fair representation must contain more than conclusory statements alleging improper representation; conclusory allegations without specifying supporting facts to show the union's lack of good faith fail to state a valid claim. *Balowski v International U, United A A & A Imp Wkrs,* 372 F2d 829, 835 (CA 6, 1967), *Hardcastle v Western Greyhound Lines,* 303 F2d 182, 186 (CA 9, 1962), *cert den* 371 US 920; 83 S Ct 288; 9 L Ed 2d 229 (1962), *Brown v Truck Drivers & Help Loc U No 395, Baltimore, Md,* 264 F Supp 776 (D Md, 1967). Here, plaintiffs complained of an illegal combina-

tion between Union and Company in language which was purely conclusory, with no specific factual allegations to support the charges. Since such allegations are insufficient to state a claim of improper representation by the Union or collusion between Union and Company, the lower court could have properly dismissed plaintiffs' complaint for failure to state a claim.' *Lusk v Eastern Products Corp,* 427 F2d 705, 708 (CA 4, 1970)."

See also *Sheremet v Chrysler Corp,* 372 Mich 626; 127 NW2d 313 (1964), *Cortez v Ford Motor Co,* 349 Mich 108; 84 NW2d 523 (1957), *Field v Local 652 UAW-AFL-CIO,* 6 Mich App 140, 146; 148 NW2d 552 (1967), *Kennedy v UAW-AFL-CIO Local No 659,* 3 Mich App 629; 143 NW2d 133 (1966). As noted above, here also, conclusional claims were made without supporting facts. Thus, the trial court did not abuse its discretion in granting defendants relief.

Plaintiff also claims that exhaustion of the grievance procedure is not required because she was frustrated by acts of the two defendants. Plaintiff, by her own statement, acknowledges that the grievance procedures as set forth in the collective bargaining agreement have not been exhausted. Plaintiff, by that admission, defeats her own claim. It is well established in Michigan that until internal union remedies have been exhausted, there is no access to the courts for disputes involving contractual rights.

In *Knox v Local 900 UAW-CIO,* 361 Mich 257; 104 NW2d 743 (1960), the Supreme Court concluded:

"'When he [plaintiff] has exhausted these remedies without avail as he must under the many decisions of the Michigan Supreme Court, he may *then* seek redress in the courts * * * .'" 361 Mich at 260. (Emphasis

supplied.) See also, *Martin v Favell,* 344 Mich 215; 73 NW2d 856 (1955).

Plaintiff cites the language of the master agreement which provides that "[t]he grievance procedures * * * shall be supplementary or cumulative to, rather than exclusive of, any procedures or remedies afforded to any teacher by law", Art XXI, § F, p 52, in opposition to the trial court's finding that failure to exhaust internal union remedies precludes relief for her. However, the defendants correctly point out that this language applies only to statutory or constitutional rights rather than contractual rights.

*Cortez v Ford Motor Co, supra,* is dispositive. There, three women brought an action for an alleged violation of a labor agreement in their own right and on behalf of 105 women who had been laid off. The plaintiffs also sued their union for failure to process the grievances. The labor contract contained a grievance procedure. The Supreme Court upheld the trial court's grant of summary judgment for defendants, refusing to intervene in the grievance proceedings until those remedies were exhausted.

In this case, plaintiff's rights as an ESRP were derived through the labor contract. This contract provided for a grievance procedure. Thus, the trial court was correct as to its finding on exhaustion of remedies. As an exclusively contractual right was involved, the plaintiff was required to exhaust her grievance procedures before seeking judicial aid. Thus, as plaintiff has failed to state a claim on which relief can be granted and as plaintiff failed to exhaust pre-judicial remedies, the trial court's grant of summary relief to defendants manifestly does not constitute an abuse of discretion.

Finding no abuse, we affirm.

Affirmed.