BORMAN'S, INC. v LAKE STATE DEVELOPMENT CO.

1. JUDGMENT—SUMMARY JUDGMENT—PLEADING—WARRANTIES—
   BREACH OF WARRANTY—COURT RULES.

   A trial court erred in granting a defendant landlord's motion for summary judgment where a plaintiff tenant's complaint alleged a breach of specific warranty provisions of a lease agreement and substantial damages flowing therefrom where the existence of the contract or lease agreement is not disputed; a motion for summary judgment based solely on plaintiff's failure to state a claim challenges the legal sufficiency of a plaintiff's claim and is to be considered by an examination of the pleadings alone (GCR 1963, 117.2[1]).

2. JUDGMENT—SUMMARY JUDGMENT—WARRANTIES—COURT RULES.

   A trial court improperly granted a defendant contractor's motion for summary judgment where a plaintiff tenant's claim was based on warranties of the contractor to the landlord which warranties were assigned to the tenant under the lease agreements; a plaintiff is entitled to a trial on the merits of such issues (GCR 1963, 117.2[1]).

3. PRINCIPAL AND AGENT—ARCHITECTS—WARRANTIES—BREACH OF
   WARRANTY—SKILL AND CARE REQUIRED.

   An architect is not a warrantor of his plans and specifications; the law does not imply such a warranty and requires only the exercise of ordinary skill and care, in the light of present knowledge; therefore a defendant architect's motion for summary judgment was properly granted where a plaintiff tenant claimed that the architect impliedly warranted that a drainage system designed by it for the contractor who constructed the leased premises would be fit for its intended use and that the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 73 Am Jur 2d, Summary Judgment § 26 *et seq.*
[3] 5 Am Jur 2d, Architects § 8.
[4, 7] 61 Am Jur 2d, Pleadings § 305.
[5] 61 Am Jur 2d, Pleadings § 314.
[6] 37 Am Jur 2d, Fraud and Deceit § 144 *et seq.*
[8] 51 Am Jur 2d, Limitation of Actions § 92 *et seq.*

architect's negligent design was a breach of that implied warranty.

4. PLEADING—AMENDMENT—MERITS OF CLAIM—COURT RULES.

A court, on a motion to amend pleadings, should ignore the substantive merits of a claim or defense unless it is legally insufficient on its face and it would be futile to allow the amendment (GCR 1963, 118).

5. PLEADING—AMENDMENT—DELAY—PREJUDICE—COURT RULES.

A court improperly denied a plaintiff's motion to amend a complaint, even though a letter which prompted the motion had been in existence for nearly six years, where no prejudice by the proposed amendment was shown to the opposing party (GCR 1963, 118).

6. FRAUD—CONTRACTS—MATERIAL FACTS.

Fraud can be consummated by suppression of, concealment of, or failure to disclose a material fact which a party to a contract has a good faith obligation to disclose.

7. MOTIONS—PLEADING—AMENDMENT—MERITS OF CLAIM—COURT RULES.

A plaintiff's ability to prove an allegation or the fact that it has been improperly pleaded are not proper considerations to be made when ruling on a motion to amend a complaint (GCR 1963, 118).

8. LIMITATION OF ACTIONS—DAMAGES—WARRANTIES—BREACH OF WARRANTY.

The six-year statute of limitations applies to an action for damages by a tenant against a landlord and his general contractor arising out of breaches of express and implied warranties and negligent construction of a drainage system in a shopping center where the damages alleged: the cost of replacing the drains, lost profits, and damage to reputation, are strictly financial and there are no allegations of injury to other property or persons.

Appeal from Muskegon, John H. Piercey, J. Submitted Division 3 February 4, 1975, at Grand Rapids. (Docket No. 19287.) Decided April 7, 1975.

Complaint by Borman's, Inc., against Lake State Development Company, Tri-Cities Construction &

Supply Company, Terrill, Kistler & Anderson, Inc., and Markland Development, Inc., for damages for breach of express and implied warranties, arising out of the improper functioning of a shopping center drainage system. Summary judgment for defendants. Plaintiff appeals. Affirmed in part, reversed in part, and remanded.

*Parmenter, Forsythe & Rude* (by *Steven G. Schember)*, for plaintiff.

*White, Spaniola, Knudsen, Stariha & Potuznik, P. C.*, for defendant Lake State Development Company.

*Warner, Norcross & Judd* (by *Gregory G. Prasher)*, for defendants Tri-Cities Construction & Supply Company and Markland Development, Inc.

*Cholette, Perkins & Buchanan (Edward D. Wells*, of counsel), for defendant Terrill, Kistler & Anderson, Inc.

Before: BRONSON, P. J., and M. F. CAVANAGH and D. F. WALSH, JJ.

D. F. WALSH, J. This is an appeal from an order granting defendants' motions for summary judgment for failure to state a cause of action, GCR 1963, 117.2 (1).

The plaintiff Borman's, Inc. entered into a lease agreement on May 9, 1966, with one of the defendants, Lake State Development Co., whereby Lake State agreed to construct a shopping center and warranted that storm and sanitary sewers would be "available to the leased premises".

Lake State Development Co. contracted with defendant Tri-Cities Construction and Supply Co.

for the construction of the sewers; and Tri-Cities Construction and Supply Co. in turn retained the defendant architect firm Terrill, Kistler, and Anderson, Inc. to design the drain system. For convenience the defendants will be referred to in the opinion as "Lake State", "Tri-Cities" and "Terrill".

Borman's alleged in a complaint filed on October 23, 1970, that the drainage system did not function properly, "with the result that plaintiff experienced flooding in its truck wells, garden center, and over substantial portions of the parking area serving plaintiff's premises". Count I of this complaint alleges that Lake State breached an express warranty contained in the lease to provide an adequate drainage system. Count II alleges that the negligent and improper construction of the drainage system by Tri-Cities constituted a breach of express and implied warranties. Similar allegations were asserted against Terrill in Count III. The damages in the amount of $91,055.34 included expenditures for the repair and reconstruction of the drainage system, loss of profits and damage to its reputation.

Motions for summary judgment were filed by all three defendants, although it is unclear whether they were brought under GCR 1963, 117.2 (1) or (3). The defendants also moved for accelerated judgment, GCR 1963, 116.1(5), on the ground that the applicable statute of limitations had run on plaintiff's claim.

A hearing was held on the defendants' various motions, during which Borman's moved to amend its complaint to add three additional counts. The first two counts alleged fraudulent concealment of the inadequacy of the drainage system by defendants Tri-Cities and Terrill. The third was an allegation that Tri-Cities had breached a contract to

repair, reconstruct or maintain the system entered into subsequent to its completion.

The trial judge denied Borman's motion to amend and granted all three defendants' motions for summary judgment on the ground that the plaintiff had failed to state a claim upon which relief could be granted. The court accordingly declined to rule on the motions for accelerated judgment.

## I.

## THE SUMMARY JUDGMENT ISSUE

As previously stated, it is unclear whether the parties' motions were based on GCR 1963, 117.2(1) or (3). Terrill's was certainly brought under both. But no affidavits were filed with any of these motions. Since this failure ordinarily means automatic reversal of a summary judgment granted under subsection 3, *DeMare Bros Construction, Inc v Teska,* 49 Mich App 642, 646; 212 NW2d 602 (1973), we consider the present motions as if they were based solely on plaintiff's failure to state a claim under subsection 1.

A motion based solely on subsection 1, challenges the legal sufficiency of a plaintiff's claim and is to be considered by an examination of the pleadings alone. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974). Our job as a reviewing court is to accept as true the well-pleaded facts in plaintiff's complaint, against each defendant, *Weckler v Berrein County Road Commission,* 55 Mich App 7, 9; 222 NW2d 9 (1974), and to determine whether these claims are so "clearly unenforceable as a matter of law that no factual development can possible justify a right to recovery",

*Crowther v Ross Chemical & Manufacturing Co,* 42
Mich App 426, 431; 202 NW2d 577 (1972).

### A. Borman's Claim Against Lake State

The relevant portions of plaintiff's claim against
Lake State alleged the following:

1. Pursuant to the lease agreement ¶ 3(b) Lake
State warranted that storm and sanitary sewers
would be available to the plaintiff during the term
of the lease.

2. Paragraph 6(b) of the lease[1] contained a one-
year service guarantee on all the improvements to
be constructed by Lake State.

3. Since the opening of the shopping center the
drainage system on a number of occasions failed to
adequately drain the rain surface water from the
parking area, truck wells, and garden center.

4. Despite plaintiff's giving timely notice to Lake
State on each such occasion of the inadequacy of
the drainage system, Lake State did nothing to
remedy the situation. Plaintiff, therefore, was
forced to expend approximately $41,000 to repair
and ultimately reconstruct the entire system.

The existence of the contract or lease agreement
is certainly not disputed. Furthermore, the plain-
tiff has alleged a breach of specific provisions of
that agreement and substantial damages flowing
therefrom. Plaintiff, at the very minimum, states a
cause of action for breach of the ¶ 6(b) service
warranty and another for the breach of the war-

---

[1] "6(b) *Warranties.* Landlord hereby gives Tenant a one-year service
guarantee on the buildings and related improvements to be con-
structed by Landlord, including the parking area pavement, and
Landlord does hereby assign to Tenant all rights under any Warran-
ties of materials and workmanship and all performance guarantees
obtained by Landlord from manufacturers, suppliers, the general
contractor, subcontractors and the architect in connection with the
Leased Premises."

ranty that storm and sanitary sewers would be available to the leased premises (¶ 3[b]). The trial court, therefore, erred in granting Lake State's motion for summary judgment. If the facts were as Borman's has stated, it clearly has a cause of action against Lake State. *Davis v Kramer Brothers Freight Lines, Inc,* 361 Mich 371, 376–377; 105 NW2d 29 (1960).

## B. Borman's Claim Against Tri-Cities

Borman's count against Tri-Cities alleges that "improper and negligent construction" of the drainage system constituted a breach of its warranties to Lake State which warranties were assigned by that defendant to Borman's under ¶ 6(b) of the lease. (See fn 1.) The complaint further states that Tri-Cities breached a warranty made directly to the plaintiff "that such drainage system would be fit for the particular purpose for which it was intended" and that it would be "usable" by the plaintiff.

Tri-Cities' response to these allegations is that the plaintiff's claims against it, under the assignment of warranties clause in the lease agreement (¶ 6[b]) are limited by the 90-day notice provisions contained in ¶ 3(g)[2]. It is also urged that Tri-Cities' construction contract with Lake State contained no warranties which could have been assigned to

---

[2] "3(g) *Acceptance by Tenant.* Tenant shall have ninety (90) days from the date of opening of its business on the Leased Premises or any part thereof in which to give Landlord written notice of any material ways, if any, in which the buildings and related improvements to be constructed thereon by Landlord hereunder fail to comply with the plans, specifications and blueprints approved by the parties, and thereafter the right to make such objections is hereby expressly waived by Tenant, * * * and provided, further, that nothing in this Paragraph (3)(g) shall limit Tenant's rights with respect to defects in materials and workmanship expressly set forth in Paragraph (6)(b) below * * * ."

Borman's. As the Michigan Supreme Court stated in *Davis v Kramer Brothers Freight Lines, Inc, supra,* at 377:

"What defendant is really insisting is that it has ample defenses, not that no cause of action has been stated. Such matters are not triable upon affidavits upon a motion to dismiss."

Nor are such issues to be litigated in appellate briefs submitted to this court. They involve the practical interpretation of portions of at least two written agreements and as to these issues the plaintiff is entitled to a trial on the merits.

### C. Borman's Claim Against Terrill

In Count III of its complaint, plaintiff claims the assignment of any warranties which Terrill may have made to Lake State. But the pleading fails to allege the existence of an express warranty made by Terrill to Tri-Cities; nor does it allege an assignment by the latter firm to Lake State of any warranties between Tri-Cities and Terrill.

The essence of plaintiff's claim against this defendant architect firm seems to be that Terrill *impliedly* warranted, when they agreed to design a drain system for Tri-Cities, that such system would be fit for its intended use and that Terrill's negligent design was a breach of that implied warranty. We find this position to be untenable and contrary to the law in this state.

As far back as 1898 it was held that an architect is not a warrantor of his plans and specifications. "The law does not imply such a warranty, or the guaranty of the perfection of his plans. * * * The law requires only the exercise of ordinary skill and

care, in the light of present knowledge." *Chapel v Clark,* 117 Mich 638, 640; 76 NW 62 (1898).

Terrill's motion for summary judgment as to Count III of the complaint was therefore properly granted.

## II.

## BORMAN'S MOTION TO AMEND ITS COMPLAINT

### A. The Contract Cause of Action Against Tri-Cities

As previously pointed out, the plaintiff sought to amend its complaint during the hearing on the defendants' motions for summary judgment. One of the proposed counts was that Tri-Cities breached its contract with Borman's to repair the defective drainage system. Tri-Cities' contractual duty allegedly stemmed from notations written on a letter from Borman's to the general superintendent of Tri-Cities. The letter was dated August 2, 1967, but plaintiff's counsel indicated to the trial judge that the notations on the letter had been only recently discovered.

The court heard voir dire testimony from two witnesses, apparently the author and recipient of the letter, and then stated:

"And I can't say that I have heard anything this morning which would give rise to a motion to amend your pleadings, or that to even predict that you would have any success if you had amended them along the lines—it sounded to me like a tie ball game this morning between those witnesses.

"But, in any event, the plaintiff has been in possession of this letter since sometime in September, or August, rather, of 1967. The letter was written August 2nd, 1967. It was written to Tri-Cities Construction Company.

\* \* \*

"But I cannot construe this letter, certainly, as any agreement whatsoever to rebuild the whole lot, the parking lot, especially if all this work was anticipated being done within just a few days, in the first place.

\*    \*    \*

"But the most that you could say, taking plaintiff at his best in this situation, I think the most you can say for plaintiff that he could have possibly shown was that there might have been agreement to service it at some nominal figure which was never fixed.

"I think that's the most that you could derive from the negotiations that ensued from the August 2nd, 1967 letter, and upon which the plaintiff now requests that he be allowed to amend his pleadings.

"That motion is denied."

While the trial judge mentions the long delay in raising the issue, the basis of his ruling seems clearly to be that the exhibit was not a contractual agreement and that plaintiff could not ultimately prevail on the merits. In so evaluating the merits of the proposed amendment the trial court erred. In *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 660; 213 NW2d 134 (1973), it was stated:

"On a motion to amend, a court should ignore the substantive merits of a claim or defense unless it is legally insufficient on its face and, thus \* \* \* it would be 'futile' to allow the amendment."

While it is true that the letter which prompted the plaintiff's motion had been in existence for nearly six years, this delay in and of itself does not warrant denial of the motion. *Fyke, supra,* at 663–664. Instead, the delay must have prejudiced the opposing party. *Matson v Soronen,* 57 Mich App 190; 226 NW2d 52 (1974). The word prejudice

assumes a very special meaning in the context of a motion to amend:

> " 'Prejudice' refers to matter which would prevent a party from having a fair trial, or matter which he could not properly contest, *e.g.,* when surprised. It does not refer to the effect on the result of the trial otherwise." 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 409 (Committee note).

No prejudice was shown here.

Finally, it should be noted that when a trial judge does deny a motion for leave to amend, such denial should be accompanied by specific findings as to reasons for that denial. See *LaBar v Cooper,* 376 Mich 401, 409; 137 NW2d 136 (1965), *Fyke, supra,* pp 656–657.

### B. The Fraudulent Concealment Claims Against Tri-Cities and Terrill

The proposed fraudulent concealment counts against Tri-Cities and Terrill are based on a letter written by defendant John Kistler to a Tri-Cities executive about two weeks after the execution of the Borman's-Lake State lease agreement. Therein, Kistler stated that his firm had designed a system "correct in design and theory" but he strongly advised an alternate method of drainage due to the extreme difficulty in properly maintaining the proposed system. Plaintiff explained the delay in raising the issue by saying that Terrill's control over the ultimate determination of the adequacy of the drain system had only recently been established.

While we express no opinion on the merits of plaintiff's claim, we note that fraud can be consummated by suppression of, concealment of or

failure to disclose a material fact which a party to a contract has a good faith obligation to disclose. *Sullivan v Ulrich*, 326 Mich 218, 228; 40 NW2d 126 (1949).

When plaintiff advised the trial court of its proposed claim of fraudulent concealment, the judge responded:

> "I can't see that there's any fraud involved in this matter. . . . I don't think there's been any sufficient allegations or claims of fraud here made to allow an amendment on fraud."

The apparent reason for the denial was that the plaintiff could not prove the allegation or that it had been improperly pleaded. These are not proper considerations to be made when ruling on a motion to amend. *Ben P Fyke & Sons v Gunter Co, supra.* The plaintiff should have been permitted to amend its complaint to include these additional counts.

All of the proposed amendments shall relate back to the date of the original filing, provided the requirements of GCR 1963, 118.4 are met. See *LaBar v Cooper, supra.*

### III.

### THE STATUTE OF LIMITATIONS ISSUE

The trial court declined to rule on the defendants' motions for accelerated judgment which were based on the ground that the applicable statute of limitations had expired. Since the issue may be raised again, we find it necessary to resolve it. The inadequacy of the drainage system was apparently discovered during the summer of 1967. It was at this time that the plaintiff's cause of action ac-

crued for purposes of the statute of limitations inquiry. See *Malesev v Wayne Co Rd Comm,* 51 Mich App 511; 215 NW2d 598 (1974). Plaintiff's complaint was not filed until October 23, 1970. It sought recovery for the following types of damages:

1. Approximately $41,000 for the temporary repair of the drainage system and reconstruction of a functioning system.

2. Loss of profit in the amount of $25,000 during periods of flooding and reconstruction.

3. Damage in the amount of $25,000 to "general reputation, good name and standing in the community".

Although the period of limitations for this type of contract action would ordinarily be six years[3], defendants assert that these claims are in the nature of "damages for injuries to . . . property" and are therefore barred by the three-year time limitation of MCLA 600.5805(7); MSA 27A.5805(7).[4]

Crucial to this inquiry, under the rule of *State Mutual Cyclone Insurance Co v O & A Electric Cooperative,* 381 Mich 318, 324–325; 161 NW2d

---

[3] MCLA 600.5807; MSA 27A.5807, provides:

"No person may bring or maintain any action to recover damages or sums due for breach of contract, or to endorce the specific performance of any contract unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

\*    \*    \*

"(8) The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract."

[4] MCLA 600.5805; MSA 27A.5805, provides:

"No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

\*    \*    \*

"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property."

573 (1968), is whether or not the plaintiff was seeking damages for injury to property or person—in which case the three-year statute applies. The vehicle of recovery (contract, tort, fraud, *e.g.)* is not determinative.

In *State Mutual Cyclone Insurance Co,* the plaintiff sought recovery for the value of cattle destroyed in a fire allegedly caused by the power company's negligence. Our Supreme Court characterized this type of injury as damage to property, and the three-year rule barred the claim. See also *Nelson v Mich Bean Co,* 22 Mich App 540; 177 NW2d 655 (1970), *lv den,* 383 Mich 825 (1970).

Closer to the facts in the instant case is *Tel-Twelve Shopping Center v Sterling Garrett Construction Co,* 34 Mich App 434; 191 NW2d 484 (1971). The defendant there had agreed to level and grade portions of the plaintiff's shopping center site. Damages to the adjacent property resulted from the defendant's work which ultimately precipitated a substantial consent judgment against Tel-Twelve in favor of the adjacent property owner.

Tel-Twelve then brought a breach of contract action against defendant, and this Court's remarks as to that count are particularly pertinent here:

"Concerning Count I, plaintiff does not contend that defendant's actions caused damage to plaintiff's property, but rather that plaintiff has suffered economic detriment . . . because of his loss of financial expectations and increased construction costs . . .

\* \* \*

"In the instant case, the damage done concerned financial expectations, not actual damage to plaintiff's property or physical injury to his person. The cause of action set forth in Count I of plaintiff's complaint is controlled by the six-year statute of limitations . . ." 34 Mich App at 437, 439.

A close examination of Borman's complaint similarly discloses no allegation of property damage. Plaintiff's damages are strictly financial. There is no allegation that the faulty drainage system caused any injury to any other property or any persons. None of the buildings were damaged nor was the pavement damaged by virtue of the failure of the water to drain properly. The claim is that because the drain didn't work, the plaintiff was forced to expend money to replace it, and lost profits during periods of flooding and reconstruction.

As to these items, whether recovery is founded on contract, MCLA 600.5807(8); MSA 27A.5807(8), or fraud, MCLA 600.5813; MSA 27A.5813, the applicable period of limitations is six years. See also *Weeks v Slavik Builders, Inc,* 384 Mich 257; 181 NW2d 271 (1970).

A closer question is presented as to plaintiff's claim of damage to reputation and general standing in the community. But, under the authority of *Schenburn v Lehner Associates, Inc,* 22 Mich App 534; 177 NW2d 699 (1970), we hold that the six-year statute is applicable to this portion of the complaint as well.

As to Terrill's motion for summary judgment the trial court is affirmed. In all other respects the trial court is reversed. The case is remanded for proceedings consistent with this opinion.

Reversed and remanded.