SOUTHLAND CORPORATION v LIQUOR CONTROL COMMISSION

Docket No. 78-4343. Submitted November 13, 1979, at Lansing.—
    Decided February 20, 1980.

Plaintiff, Southland Corporation, is in the business of establishing, operating and franchising a chain of convenience food stores. In states where it is permitted to do so, plaintiff also sells gasoline. Administrative rules promulgated by the defendant, Liquor Control Commission, originally prohibited merchants from selling both gasoline and liquor on the same premises. An amended rule allowed the sale of gasoline by merchants holding "specially designated merchants" (SDM) licenses, provided that the outlet store maintained an inventory of over $10,000 exclusive of alcohol inventory. The final form of the rules also prohibits the issuance of a SDM license to a merchant who sells gasoline unless the merchant's store is located in a municipality with a population of 3,000 or less. Southland Corporation brought an action in Ingham Circuit Court against the Liquor Control Commission alleging that the rules had been improperly promulgated because provisions of the Administrative Procedures Act and the Open Meetings Act had not been complied with and that the rules were invalid because they discriminated against SDM licensees located in municipalities with population exceeding 3,000 and, therefore, were invalid as a violation of equal protection. The plaintiff sought a declaratory judgment holding the rules invalid and an injunction against their enforcement. Ingham Circuit Court, James T. Kallman, J., granted the defendant's motion for summary judgment. The plaintiff appeals. *Held:*

    1. Summary judgment based on the plaintiff's failure to state a claim upon which relief could be granted was improper as to count I. The plaintiff's action was a challenge, under a provision of the Administrative Procedures Act, to the validity of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 61 Am Jur 2d, Pleading § 229.
[2] 61 Am Jur 2d, Pleading §§ 231, 232.
[3] 61 Am Jur 2d, Pleading § 233.
[4] 61 Am Jur 2d, Pleading §§ 229, 230, 231.

defendant's administrative rules. Because the plaintiff sought to enjoin the defendant's enforcement of the rules, the action was properly brought against the defendant. Also, the plaintiff's naming of the Liquor Control Commission as a defendant in the allegation of a violation of the Open Meetings Act was proper since any defect in the proceedings by the Joint Committee on Administrative Rules would invalidate the commission's applicable administrative rules. Taking plaintiff's allegations as true, the plaintiff's claims were not so unenforceable that no factual development could possibly justify a right to recovery.

2. Summary judgment on count II was improper. The fact that the plaintiff has the burden of meeting a strict standard in attempting to establish that it has been denied equal protection of the law does not justify summary judgment based on the plaintiff's pleadings.

3. Plaintiff's request for summary judgment, asked for in its answer to the defendant's motion for summary judgment, was properly denied. A court rule provides that a trial court may render summary judgment for an opposing party without a motion therefor; however, this provision relates only to motions for summary judgment where there is no genuine issue as to any material fact. It is inapplicable to the instant case where the defendant's motion for summary judgment alleged that the plaintiff had failed to state a claim upon which relief could be granted.

4. There is no evidence in the record suggesting that the plaintiff sought an administrative ruling prior to filing an action for declaratory relief in circuit court. If so, the circuit court has no jurisdiction over that portion of the plaintiff's claim which is covered by the declaratory judgment provision of the Administrative Procedures Act. However, dismissal of the plaintiff's claim under the Administrative Procedures Act would not affect that portion of the plaintiff's complaint concerning violation of equal protection of the laws or that portion seeking a declaratory judgment for the alleged violation of the Open Meetings Act.

Reversed and remanded.

1. MOTIONS — SUMMARY JUDGMENT — ASSUMPTION OF TRUTH — COURT RULES.

A motion for summary judgment on the ground that the opposing party has failed to state a claim upon which relief can be granted tests the legal sufficiency of a claim as determined from the pleadings alone; for the purposes of such a motion,

both at the trial and appellate levels, every well-pled allegation in the complaint is assumed to be true (GCR 1963, 117.2[1]).

2. Motions — Summary Judgment — Tests — Court Rules.

The test for a motion for summary judgment on the ground that the opposing party has failed to state a claim upon which relief can be granted is whether the plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

3. Judgment — Summary Judgment — Denial of Equal Protection — Failure to State Claim.

The fact that a plaintiff has the burden of meeting a strict standard in attempting to establish that it has been denied equal protection of the law does not justify summary judgment in favor of the defendant based on the plaintiff's failure to state a claim upon which relief can be granted.

4. Judgment — Summary Judgment — No Issue of Material Fact — Failure to State Claim — Court Rules.

A procedure whereby a trial judge may render summary judgment in favor of a party opposing another party's motion for summary judgment, without the opposing party filing a motion for summary judgment, relates only to motions for summary judgment alleging that there is no issue as to any material fact and is inapplicable where the motion for summary judgment alleges that the opposing party has failed to state a claim upon which relief can be granted (GCR 1963, 117.2[1], [3]).

5. Administrative Law — Circuit Courts — Jurisdiction — Declaratory Judgment — Exhaustion of Administrative Remedies — Statutes.

An action in circuit court against an administrative agency may not be commenced unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously; circuit court jurisdiction to hear declaratory judgment actions against administrative agencies is dependent upon the exhaustion of administrative remedies (MCL 24.264; MSA 3.560[164]).

*Meyer & Kirk* (by *George H. Meyer* and *Ralph R. Safford*), for plaintiff.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *A. C. Stoddard*

and *Richard I. Rubin,* Assistants Attorney General, for defendant.

Before: T. M. BURNS, P.J., and CYNAR and A. M. BACH,* JJ.

T. M. BURNS, P.J. Plaintiff appeals of right an October 4, 1978, lower court order granting summary judgment in favor of defendant. We reverse.

Plaintiff is in the business of establishing, operating and franchising a chain of convenience food stores. In states that permit it to do so, plaintiff sells gasoline to motorists. On March 14, 1978, administrative rules promulgated by the defendant Liquor Control Commission became effective. Although the prior rules of the defendant agency had prohibited merchants from selling both gasoline and liquor on the same premises, the new rules allowed the sale of gasoline by merchants holding a "specially designated merchants" (SDM) license, provided that the outlet store maintained an inventory of over $10,000 exclusive of alcohol inventory. On June 22, 1978, the rules were again amended. In their final form, the administrative rules prohibit the issuance of a SDM license to a merchant who sells gasoline unless the merchant's store is located in a municipality with a population of 3,000 or less.

On June 16, 1978, plaintiff filed a two count complaint in Ingham County Circuit Court alleging that the promulgation of the amended rules violated the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.,* the Open Meetings Act, MCL 15.261 *et seq.;* MSA 4.1800(11) *et seq.,* and Rule 28 of the Standing Rules of the House of Representatives.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Specifically, plaintiff complained that the vote of the joint committee to approve the amended rules did not occur in the presence of a quorum of the committee; that some of the members' votes were counted although they were not present at the meeting; that some of the members' votes were counted although they had not heard or considered all of the public testimony on the proposed rules; that the chairman of the committee, a member of the Senate, voted in favor of the amended rules for absent committee members of the House and Senate; and that two committee members voted to approve the rules conditionally, yet their votes were counted as unconditional approval of the amendments.

In count II of its complaint, plaintiff alleged that the amended rules were invalid because they discriminate against SDM licensees located in municipalities with populations exceeding 3,000 and that the amended rules were invalid under the equal protection clauses of both the United States and the Michigan Constitutions. Plaintiff sought a declaratory judgment holding the rules invalid and an injunction against their enforcement.

Subsequently, defendant filed a motion for summary judgment and in an opinion dated August 15, 1978, the lower court granted defendant's motion. The lower court found that the classification established by the amended rules had a rational basis and did not violate equal protection and that there was no evidence that the amended rules were improperly promulgated. Plaintiff now appeals.

Defendant brought its motion for summary judgment under GCR 1963, 117.2(1) alleging that plaintiff had failed to state a claim upon which relief could be granted. In *Stewart v Troutt,* 73 Mich

App 378, 383-384; 251 NW2d 594 (1977), this Court stated the test for the granting of a motion brought under this subsection of the court rule:

"A motion for summary judgment brought under GCR 1963, 117.2(1), merely tests the legal sufficiency of the claim as determined from the pleadings alone. * * * For the purposes of that motion, both at the trial and appellate levels, every well-pled allegation in the complaint is assumed to be true. * * * The test is whether the plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify the right to recovery."

Defendant argues that no claim was stated by plaintiff because plaintiff's complaint alleges wrongdoing by the Legislature's Joint Committee on Administrative Rules and not the Liquor Control Commission. However, it is clear that plaintiff's action is a challenge to the validity of defendant's administrative rules under § 64 of the Administrative Procedures Act. MCL 24.264; MSA 3.560(164). Because plaintiff seeks to enjoin defendant's enforcement of the rules the action was brought properly against defendant.

We also hold that plaintiff did not err in naming defendant as a party in its action under the Open Meetings Act. The legislative joint committee is not a necessary party under GCR 1963, 205, and any defect in the committee proceeding would invalidate defendant's applicable administrative rules.

Taking plaintiff's allegations as true, we hold that plaintiff's claim is not so clearly unenforceable that no factual development could possibly justify a right to recovery. Section 45 of the Administrative Procedures Act, MCL 24.245; MSA 3.560(145), requires that proposed administrative

rules be approved by the Joint Committee on Administrative Rules. Section 35 of the act, MCL 24.235; MSA 3.560(135), requires that proposed committee action be pursuant to concurring majorities of the members of each house.

Plaintiff alleged in its complaint that the committee vote did not occur in the presence of a quorum of the committee; that some of the members' votes were counted although they were not present at the meeting; that some of the members' votes were cast although they had not heard or considered all of the public testimony on the proposed rule amendments; that the chairman of the committee, a member of the Senate, cast votes in favor of the amendments in place of absent members of the committee; and that two members voted to approve the rules only conditionally. Factual development of these claims at trial might well demonstrate that concurring majorities favoring the amended rules did not exist.

Plaintiff also claims that the committee violated § 3 of the Open Meetings Act, MCL 15.263; MSA 4.1800[13] in that certain members' votes were counted, although those members were neither present for the open meeting deliberations of the committee nor present when the final vote was taken on the rules. These allegations are sufficient to avoid summary judgment for failure to state a claim and, if proven, would show that the rules were not properly promulgated.

We also hold that the lower court erred in granting summary judgment on count II of plaintiff's complaint. The fact that plaintiff has the burden of meeting a strict standard in attempting to establish that it has been denied equal protection of the law does not justify summary judgment on plaintiff's pleadings. Plaintiff is entitled to its

day in court unless no factual development could possibly justify a right to recovery. Factual development of plaintiff's case on this count may demonstrate that the classifications in the amended rules are unreasonable and without a rational basis. If so, they would be unconstitutional. *Anderson v Detroit,* 54 Mich App 496, 499; 221 NW2d 168 (1974).

Plaintiff also argues on appeal that the lower court erred when it failed to grant plaintiff summary judgment. Plaintiff requested this relief in its answer to defendant's motion for summary judgment. GCR 1963, 117.2(3) provides that a trial judge may render summary judgment for an opposing party without a motion therefor. However, this provision in the court rule relates only to motions for summary judgment where there is no genuine issue as to any material fact. There is no comparable provision for subsection 117.2(1) of the court rule. Thus, we find that plaintiff was not entitled to such relief.

In light of the fact that we are remanding this case for trial, we raise one issue not addressed by the parties in their briefs. We perceive that the lower court may have lacked jurisdiction to adjudicate plaintiff's claim for declaratory relief under the Administrative Procedures Act. Section 64 of the act, MCL 24.264; MSA 3.560(164), states, in pertinent part:

"An action for declaratory judgment may not be commenced under this section unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously."

In *International Business Machines Corp v Dep't of Treasury,* 75 Mich App 604; 255 NW2d 702

(1977), *lv den* 401 Mich 816 (1977), this Court held that circuit court jurisdiction under § 64 of the Administrative Procedures Act was dependent upon exhaustion of administrative remedies. We find no evidence in the record suggesting that plaintiff sought an administrative ruling prior to filing this action in circuit court. If so, the circuit court has no jurisdiction over plaintiff's claim under the Administrative Procedures Act. Of course, dismissal of this portion of plaintiff's complaint would in no way affect that portion of plaintiff's complaint concerning violation of equal protection of the laws or that portion seeking declaratory judgment under GCR 1963, 521 for the alleged violation of the Open Meeting Act.

Reversed and remanded.