PONTIOUS v E W BLISS COMPANY

Docket No. 50550. Submitted November 19, 1980, at Detroit.—Decided January 6, 1981. Leave to appeal applied for.

The primary plaintiff, John M. Pontious, and his wife brought suit in Oakland Circuit Court against the defendants, E. W. Bliss Co. and Tepco, Inc., to recover damages for injuries suffered by John Pontious while he was operating a press for his employer, D.M.P. Manufacturing Corp. E. W. Bliss Co. had manufactured the press and D.M.P. and Tepco had entered into a contract whereby D.M.P. was to design and build tooling and parts for Tepco. Tepco filed a third-party complaint against D.M.P. seeking common-law indemnification for any liability to plaintiffs or damages for breach of express or implied warranties for D.M.P.'s failure to execute its contractual duties in a safe and workmanlike manner. D.M.P. brought a motion for summary judgment under GCR 1963, 117.2(1), which the trial court granted, Francis X. O'Brien, J. The court found no vicarious liability and no breach of implied or express warranties. Tepco appeals, contending that the trial court erred in granting the motion for summary judgment for failure to state a cause of action. *Held:*

1. The trial court did not err in granting D.M.P.'s motion for summary judgment on the ground that Tepco had failed to state a cause of action for common-law indemnity. The primary plaintiffs' complaint asserted active negligence on the part of Tepco. There were no allegations of vicarious liability that would arise by operation of law. Under those circumstances there is no factual development which can justify Tepco's claim for common-law indemnity.

2. There are no allegations indicating a basis upon which an implied indemnity contract could be predicated.

3. Tepco's allegation that D.M.P.'s negligence in failing to

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur 2d, Indemnity §§ 11, 20.
[3, 5] 41 Am Jur 2d, Indemnity § 15 *et seq.*
  61 Am Jur 2d, Pleadings § 229.
[4] 17 Am Jur 2d, Contracts § 293.
  53 Am Jur 2d, Master and Servant §§ 121, 122.

provide Pontious with a safe place to work was a breach of an implied warranty that the work required by the terms of D.M.P. and Tepco's contract would be performed in a safe and workmanlike manner is a sufficiently pled claim for contract damages. The trial court should have afforded Tepco the opportunity to establish at trial that D.M.P. did, in fact, breach this implied warranty.

Affirmed in part and reversed in part.

N. J. KAUFMAN, P.J., dissented from that portion of the majority opinion which reversed the trial court's grant of summary judgment denying relief under a theory of breach of implied warranty. He would hold that Tepco's claim, *i.e.,* that D.M.P.'s failure to provide a safe place to work made D.M.P. as negligent or more negligent than Tepco, amounted to a reiteration of Tepco's first claim and that summary judgment was proper in both instances. He would affirm.

OPINION OF THE COURT

1. INDEMNITY — COMMON LAW — RESTITUTION.

> Common-law indemnity is based on the equitable principle that where the wrongful act of one results in another being held liable, the latter party is entitled to restitution from the wrongdoer.

2. INDEMNITY — LIABILITY — OPERATION OF LAW.

> An individual seeking common-law indemnification for liability for a tort must be able to show that he did not participate in the commission of the tort and that his liability therefore arises only by operation of law; in determining whether the party seeking to be indemnified stands in such a position, the trial court must look to the allegations of the primary plaintiff's complaint.

3. INDEMNITY — VICARIOUS LIABILITY — SUMMARY JUDGMENT —
   FAILURE TO STATE CAUSE OF ACTION.

> Summary judgment may be properly granted against a party seeking common-law indemnity for failure to state a cause of action where active negligence is charged and there are no allegations of vicarious liability that would arise by operation of law.

4. CONTRACTS — IMPLIED WARRANTIES — BREACH — FAILURE TO
   PROVIDE SAFE PLACE TO WORK.

> Every contract of employment includes an obligation, whether express or implied, to perform the contract in a safe and

workmanlike manner; failure to provide a safe place to work is a breach of that express or implied warranty.

DISSENT BY N. J. KAUFMAN, P.J.

5. INDEMNITY — VICARIOUS LIABILITY — SUMMARY JUDGMENT — FAILURE TO STATE CAUSE OF ACTION.

*Summary judgment for failure to state a cause of action for common-law indemnity was properly granted against a third-party plaintiff where he was charged with active negligence and there were no allegations of vicarious liability that would arise by operation of law; a second claim by him that another party was equally negligent or more negligent than he was amounted to a reiteration of the first claim and summary judgment was properly granted on this claim also.*

*Donald J. Morbach & Assoc., P.C.,* for Tepco, Inc.

*Moore, Sills, Poling, Wooster & Sinn, P.C.* (by *James M. Prahler),* and *Nusholtz & Nusholtz* (of counsel), for D.M.P. Manufacturing Corp.

Before: N. J. KAUFMAN, P.J., and R. B. BURNS and J. W. WARREN,* JJ.

R. B. BURNS, J. The primary plaintiff, John M. Pontious, and his wife brought suit against defendant Tepco, Inc. (Tepco) to recover damages for injuries suffered by John Pontious while he was operating a press for his employer, D.M.P. Manufacturing Corp. (DMP). DMP and Tepco apparently had entered into a contract whereby DMP was to design and build tooling and parts for Tepco. Tepco filed a third-party complaint against DMP seeking common-law indemnification for any liability to plaintiffs or damages for breach of express and implied warranties for DMP's failure to execute its contractual duties in a safe and workmanlike manner. DMP brought a motion for summary judgment under GCR 1963, 117.2(1), which the

* Circuit judge, sitting on the Court of Appeals by assignment.

trial court granted. The court's order states that the court found no vicarious liability and no breach of implied or express warranties. Tepco appeals.

As this case arises on summary judgment for failure to state a cause of action, we accept as true Tepco's well-pleaded facts and inquire whether its claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Southland Corp v Liquor Control Comm,* 95 Mich App 466; 291 NW2d 84 (1980), *Borman's, Inc v Lake State Development Co,* 60 Mich App 175; 230 NW2d 363 (1975).

As Tepco has stated, common-law indemnity is based on the equitable principle that where the wrongful act of one results in another being held liable, the latter party is entitled to restitution from the wrongdoer. *Dale v Whiteman,* 388 Mich 698; 202 NW2d 797 (1972). The individual seeking indemnification must be able to show that he did not participate in the commission of the tort and that this liability therefore arises only by operation of law. In determining whether the party seeking to be indemnified stands in such a position, the trial court must look to the allegations of the primary plaintiff's complaint.

The trial court in the present case did not err in granting DMP's motion for summary judgment on the ground that Tepco had failed to state a cause of action for common-law indemnity. The allegations of the primary plaintiff's complaint assert active negligence on the part of Tepco. There are no allegations of vicarious liability that would arise by operation of law. Under those circumstances there is no factual development which can justify Tepco's claim for common-law indemnification.

On appeal, Tepco also claims that it was entitled to go to trial on a claim for indemnity based upon an implied indemnity contract. *Hill v Sullivan Equipment Co,* 86 Mich App 693, 697; 273 NW2d 527 (1978). In *Hill,* this Court found that such a claim had been properly pled where the third-party complaint alleged that the third-party defendant had unilaterally rejected a protective device proposed by the third-party plaintiff and had undertaken to render certain machinery safe in a manner of the third-party defendant's own choosing. We have examined Tepco's third-party complaint and find no comparable allegations. There are no allegations indicating a basis upon which an implied indemnity contract could be predicated. In fact, the third-party complaint contains no mention at all of this theory of liability.

Tepco's third-party complaint does, however, contain a theory of DMP's liability to Tepco upon which Tepco should be allowed to submit its proofs. In its third-party complaint Tepco alleges that DMP's act of negligence in failing to provide plaintiff with a safe place to work was a breach of an implied warranty that the work required by the terms of DMP and Tepco's contract would be performed in a safe and workmanlike manner. See, *Nash v Sears, Roebuck & Co,* 383 Mich 136; 174 NW2d 818 (1970). As Tepco has sufficiently pled a claim for contract damages, the trial court should have afforded Tepco the opportunity to establish at trial that DMP did, in fact, breach this implied warranty.

Affirmed in part and reversed in part. No costs, neither party having prevailed in full.

J. W. Warren, J., concurred.

N. J. Kaufman, P.J. *(dissenting).* I must respect-

fully dissent from that portion of the well-written majority opinion reversing the trial court's grant of summary judgment on the theory of breach of implied warranty.

Initially, I note that *Nash v Sears, Roebuck & Co,* 383 Mich 136; 174 NW2d 818 (1970), cited by the majority, is not a case involving product liability. What Tepco is really claiming is that plaintiff's employer was negligent in failing to provide a safe place to work and that he, the employer, was therefore more negligent, or equally as negligent, as was Tepco. In actuality, this amounts to a reiteration of Tepco's first claim against D.M.P. Manufacturing Corp., and against which I believe summary judgment was properly granted. *Minster Machine Co v Diamond Stamping Co,* 72 Mich App 58; 248 NW2d 676 (1976).

I would affirm the trial court's granting of summary judgments.